■ In the Matter of the Claim of DONNA M. EISENBEIL, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Yesawich Jr., J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 27, 1989, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

There is substantial evidence in the record to support the conclusion of the Unemployment Insurance Appeal Board that, during the period that claimant was receiving unemployment insurance benefits, she was not totally unemployed. Not only was she the vice-president, an equal investor and a 50% shareholder of an equipment rental business, but she also rendered various services to the corporation *(see, Matter of De Wald [Levine],* 50 AD2d 957; *Matter of Lach [Catherwood],* 31 AD2d 663; *Matter of Marvin [Catherwood],* 24 AD2d 924) from which she clearly stood to gain financially *(see, Matter of De Vivo [Levine],* 51 AD2d 619).

Also justified is the Board's determination that claimant made willful misrepresentations to obtain benefits and was overpaid $3,354 in recoverable benefits. When claimant filed for unemployment, she disclosed that she was an officer and owner of the corporation, but did not disclose the continuing nature of the activities which she performed on behalf of the corporation. Those activities included check writing, document preparation, reporting the corporation's sales taxes and bookkeeping services. The corporation never employed a bookkeeper and claimant herself estimated that her services in this latter regard alone saved the business several thousand

dollars annually. The Board made a factual determination, for which there plainly is ample basis in the record, that claimant's services to the corporation were substantial in nature. In light of the foregoing, claimant's weekly certifications that she had done no work in employment or self-employment were fairly characterized by the Board as "clearly * * * repeated wilfull misrepresentations to obtain benefits".

Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.