■ In the Matter of the Claim of CHERIE D. McEWEN, Appellant. COMMISSIONER OF LABOR, Respondent. [671 NYS2d 205] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 20, 1996, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was not totally unemployed during the period she was receiving unemployment insurance benefits (*see, Matter of Eisenbeil [Hudacs]*, 187 AD2d 871). Claimant was vice-president and 50% shareholder in an acrylic photograph sculpting business in which she had invested $10,000 and was also a signatory on the company's checking account. Notwithstanding claimant's contrary testimony at the hearing, the Board credited claimant's sworn statement wherein she admitted that she was involved in the operation of the business. It is well settled that it is within the sole province of the Board to resolve issues of credibility (*see, Matter of Ferraro [Sweeney]*, 231 AD2d 781). Furthermore, the record establishes that claimant expected to gain financially from the continued operation of the business and that due to the company's status as a subchapter S corporation, claimant would be entitled to take deductions against her personal tax returns for any monetary loss incurred by the corporation. Given claimant's failure to disclose her corporate status on her claim for benefits and the fact that she engaged in self-employment during the period in question, together with the information contained in her sworn statement, the Board's finding that claimant made willful false statements to obtain benefits and charging her with a recoverable overpayment is supported by substantial evidence (*see, Matter of Murak [Sweeney]*, 244 AD2d 751, 751-752).

Cardona, P. J., Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.