■ In the Matter of the Claim of CYNTHIA A. MESSINGER, Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 586] —Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 2000, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because she was not available for employment.

In November 1999, while employed two days per week as an

office worker at a college, claimant applied for and began receiving unemployment insurance benefits based upon her certification that she was ready, willing and able to work full time. Claimant temporarily stopped collecting unemployment insurance benefits in March 2000 due to childbirth and resumed collecting benefits for the week beginning April 17, 2000. Claimant continued to claim two days of unemployment per week until the week ending June 11, 2000. The Unemployment Insurance Appeal Board ruled that she was ineligible for benefits because, inter alia, she was not available for full-time employment during the relevant periods. Claimant was charged with a recoverable overpayment of benefits received as a result of willful misrepresentations. This appeal ensued.

Initially, claimant challenges the Board's finding that she was not available for full-time employment. The record establishes that during the periods in which she certified her availability for said employment, claimant received a number of canvass letters from her employer inquiring about her interest in vacant full-time positions for which she was qualified by reason of her civil service examination results. Claimant repeatedly responded that she was temporarily unavailable. Accordingly, there is substantial evidence to support the Board's finding that claimant was not available for full-time employment. Claimant's various explanations for these responses, including her stated belief that she was not qualified for the positions, presented a question of credibility for the Board to resolve (*see, e.g., Matter of McEwen [Commissioner of Labor],* 249 AD2d 672).

We also find substantial evidence to support the Board's separate finding that claimant was ineligible to collect unemployment insurance benefits effective April 17, 2000 through April 19, 2000, because she was not capable of working during that time period. The record includes a note from claimant's physician, provided to claimant's employer for disability leave purposes, indicating that claimant required six weeks of postpartum care. Since the three-day period at issue fell at the end of that six-week period, claimant was not eligible to collect unemployment insurance benefits.

We have considered claimant's remaining arguments, including her challenge to the Board's ruling charging her with a recoverable overpayment of benefits, and find them to be unpersuasive.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.