■ In the Matter of the Claim of JOHN R. ANDERSON, Appellant. COMMISSIONER OF LABOR, Respondent. [820 NYS2d 674]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not available for employment.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was ineligible to receive unemployment insurance benefits effective September 13, 2001 because he was unavailable for employment. The record establishes that in connection with his employment as a driver for a automobile auction dealer, claimant informed the employer that he would be available to work on Friday auction days, however, he no longer wanted to be on call to make trips to pick up cars the remaining four days a week. Testimony from the employer, as well as claimant's October 10, 2002 statement to the Department of Labor, establishes that

work was available five days a week if claimant elected to make trips to pick up cars. Although claimant denies that he limited the days he was willing to work and takes exception to the employer's testimony that consistent work was available, the differing testimony presented a credibility issue for the Board to resolve (*see Matter of Messinger [Commissioner of Labor]*, 293 AD2d 903, 904 [2002]). Inasmuch as claimant imposed a restriction on the days he could work, we find no reason to disturb the Board's finding that he was not ready, willing and able to work on all the days he certified for unemployment insurance benefits (*see id.; Matter of Pepe [Levine]*, 53 AD2d 730 [1976]; *Matter of Katz [Levine]*, 51 AD2d 613, 614 [1976]; *Matter of Rubin [Levine]*, 50 AD2d 956, 957 [1975]). Furthermore, having failed to disclose his self-imposed limitations on employment, the Board's finding that claimant made willful false statements to obtain benefits will not be disturbed.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.