■ In the Matter of JOSE RIVERA, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents. [616 NYS2d 258] —Appeal from a judgment of the Supreme Court (Hughes, J.), entered January 11, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely.

Petitioner requested expungement of a determination which found him guilty of possessing a weapon. The request was denied and petitioner then commenced this proceeding for the same relief. Supreme Court granted respondents' motion to dismiss the proceeding as untimely. We affirm. Simply put, petitioner failed to commence this proceeding within four months of when the determination being challenged became final and binding upon him.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ In the Matter of the Claim of HENRY P. ZIMBELMANN, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [614 NYS2d 466] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 12, 1993, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

The Board found that claimant was the president and 80% shareholder of an ongoing and viable family corporation. It also noted that claimant executed the applicable franchise agreement and co-signed the lease, and that he stood to gain financially from the continued operation of the business. Claimant admitted that he expected to be consulted about major purchases made for the business. Given these findings and the record before us, there is substantial evidence to support the Board's conclusion that claimant's interest in the business was more than an investor and that he was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Cardona, P. J., Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.