■ In the Matter of the Claim of DENNIS H. MICHIELSON, Appellant. COMMISSIONER OF LABOR, Respondent. [675 NYS2d 220] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 28, 1997, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

After losing his employment with a local manufacturer under nondisqualifying conditions, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive benefits on the ground that he was not totally unemployed. The record indicates that claimant was the sole shareholder and officer of a corporation which operates a tavern. While claimant was not involved in the day-to-day operations of the tavern and contends that he is merely an investor, he was a signatory on the corporate bank account. To that end, the record establishes that he signed numerous business-related checks while collecting unemployment insurance benefits. Furthermore, the record clearly indicates that claimant stood to gain financially from the continued operation of the tavern. In view of the foregoing, we conclude that there is substantial evidence to support the Board's finding that claimant was not totally unemployed (*see, Matter of Preiser [Sweeney]*, 246 AD2d 743; *Matter of Taylor [Sweeney]*, 244 AD2d 754; *see also, Matter of Zimbelmann [Hudacs]*, 206 AD2d 589).

Cardona, P. J., Mikoll, Mercure, Crew III and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.