■ In the Matter of the Claim of ANDREW T. HALPER, Appellant. COMMISSIONER OF LABOR, Respondent. [692 NYS2d 232] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 15, 1998, which, *inter alia*, ruled that claim-

ant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

While collecting unemployment insurance benefits, claimant performed certain services on behalf of a subchapter S corporation of which he was the sole shareholder and president. Claimant formed the corporation in May 1995 for the purpose of producing television programs by preparing proposals and soliciting television networks to broadcast the shows. Claimant ran the business from his home, was the sole signatory on the corporate checking account and had business cards printed up. After June 1997, claimant stopped sending out new proposals and soliciting work despite the fact that he had numerous outstanding proposals to the networks. Claimant filed an original claim for benefits on or about January 6, 1998, but did not dissolve the corporation because if, as he hoped, he was later contacted by a network regarding one of his outstanding proposals, he would need to be incorporated in order to produce a program. During the applicable period, claimant continued to pay the corporation's tax liabilities, maintain the corporate checking account and pay other business-related expenses. The Unemployment Insurance Appeal Board ultimately found claimant ineligible to receive unemployment insurance benefits on the ground that he was not totally unemployed and charged him with a recoverable overpayment of benefits.

We affirm. Substantial evidence supports the Board's assessment of claimant's credibility and the inferences drawn from the evidence presented (*see, Matter of Falco [Sweeney]*, 246 AD2d 711, *lv denied* 92 NY2d 815). Although claimant's activities on behalf of the active corporation during the applicable time period were neither extensive nor profitable, "this does not preclude a finding that claimant was not totally unemployed and that [he] stood to gain financially from the continued operation of the business" (*Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950; *see, Matter of Breitrose [Commissioner of Labor]*, 253 AD2d 930, 930-931; *Matter of Murak [Sweeney]*, 244 AD2d 751). The remaining contentions advanced by claimant have been examined and found to be unpersuasive.

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.