■ In the Matter of the Claim of WILLIAM D. BURR, Appellant. COMMISSIONER OF LABOR, Respondent. [696 NYS2d 577] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 26, 1998, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant's application for unemployment insurance benefits was denied on the ground that he was ineligible to receive such benefits because he lacked total unemployment. It is undisputed that claimant was secretary and 45% shareholder in an electrical contracting business which he had formed with his wife who was the president and 55% shareholder. Although claimant had ceased operating the business, due in part to the couples' pending divorce, the Unemployment Insurance Appeal Board nevertheless found that claimant, who did not surrender his interest in the business, stood to gain financially from the corporation's continued existence.

We reject claimant's contention that the Commissioner of Labor failed to substantiate claimant's lack of total unemployment by failing to issue subpoenas against claimant or his wife for the production of the corporate records. Although the record fails to establish whether the subpoenas were ever issued, it establishes that claimant was not the party requesting the

issuance thereof (*see, e.g., Matter of Eckler [Commissioner of Labor]*, 254 AD2d 672; *Matter of O'Connor [Howell—Hartnett]*, 165 AD2d 946, 948). Under the circumstances presented here, we find no substantive or procedural error warranting the reversal of the Board's decision inasmuch as there is sufficient evidence to sustain the Board's decision (*see generally, Matter of Mintzer [Sheft—Commissioner of Labor]*, 256 AD2d 965; *Matter of O'Connor [Howell—Hartnett], supra*).

Cardona, P. J., Mikoll, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.