■ In the Matter of the Claim of GINA S. LUONGO, Appellant. COMMISSIONER OF LABOR, Respondent. [714 NYS2d 599] —Ap-

---

**2.** While plaintiff also relied upon NY Constitution, article I, § 1 in support of her State constitutional tort claim, the Court of Appeals has not recognized that section as a basis for imposing liability (*see, Brown v State of New York*, 89 NY2d 172, *supra*).

**3.** "In *Bivens*, the Supreme Court implied a private cause of action for damages against federal officials who violated the search and seizure provisions of the Fourth Amendment" (*Wahad v Federal Bur. of Investigation*, 994 F Supp 237, 239).

peal from a decision of the Unemployment Insurance Appeal Board, filed June 30, 1999, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Shortly after filing an original claim for unemployment insurance benefits in July 1998, claimant and two others consulted an attorney about incorporating a subchapter S corporation. A certificate of incorporation was filed on August 18, 1998, with claimant, a one-third shareholder, named as president. Thereafter, claimant and her partners decided to open a coffee house. Claimant initially invested $11,000, and while certifying for unemployment insurance benefits, she performed various services related to the start-up of this business such as signing a lease in her capacity as a corporate officer and opening a business checking account. Claimant did not inform the local unemployment insurance office of her involvement in the new business until October 7, 1998, allegedly because "there [were] no activities dedicated to the business until that time." The Unemployment Insurance Appeal Board found claimant ineligible to receive unemployment insurance benefits on the ground that she was not totally unemployed and charged her with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4).

We affirm. Substantial evidence supports the Board's assessment of claimant's credibility and the inferences drawn from the evidence presented (*see, Matter of Falco [Sweeney]*, 246 AD2d 711, *lv denied* 92 NY2d 815), as well as the separate finding that the overpayment of benefits is recoverable. Notably, claimant admitted reading the information booklet distributed by the local unemployment office, which clearly instructs claimants to give notification "as soon as [they] take *any* steps to start a business" (emphasis supplied). Thus, despite claimant's assertion that the instruction was ambiguous, we find support for the Board's conclusion that claimant had constructive knowledge that activities taken in preparation of commencing a business could constitute employment or self-employment (*see, Matter of Pinto [Commissioner of Labor]*, 258 AD2d 804).

Cardona, P. J., Mercure, Carpinello, Graffeo and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.