■ In the Matter of the Claim of MARVIN SCHENKER, Appellant. COMMISSIONER OF LABOR, Respondent. [727 NYS2d 185] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed February 22, 2000, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed, and (2) from a decision of said Board, filed March 30, 2000, which, upon reconsideration, adhered to its prior decision.

At the time claimant filed an original claim for unemployment insurance benefits in July 1999, he was the president and sole owner of a computer consulting corporation formed in January 1998. The Unemployment Insurance Appeal Board ultimately found claimant ineligible to receive unemployment insurance benefits on the ground that he was not totally unemployed and charged him with a recoverable overpayment of benefits.

We affirm. Substantial evidence supports the Board's deci-

sion that claimant was ineligible to receive unemployment insurance benefits (*see, Matter of Donaghy [Commissioner of Labor]*, 264 AD2d 883; *Matter of Halper [Commissioner of Labor]*, 262 AD2d 848). The record reveals that during the time that claimant was receiving unemployment insurance benefits, he wrote checks on behalf of the corporation to pay for business-related expenses and attempted to solicit work. Although claimant's activities on behalf of the corporation during the applicable time period were neither extensive nor profitable, "this does not preclude a finding that claimant was not totally unemployed and that [he] stood to gain financially from the continued operation of the business" (*Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950; *see, Matter of Halper [Commissioner of Labor], supra*). To the extent that claimant testified that the corporation was a shell to permit him to seek full-time employment, this presented a credibility issue for the Board to resolve (*see, Matter of Donaghy [Commissioner of Labor], supra; Matter of Murak [Sweeney]*, 244 AD2d 751, 752). Finally, inasmuch as claimant failed to report his activities on behalf of the corporation, despite having received the unemployment insurance information handbook which explained the reporting requirements, the benefits received are properly recoverable (*see, Matter of Luongo [Commissioner of Labor]*, 276 AD2d 996). Claimant's remaining contentions have been examined and found to be unpersuasive.

Cardona, P. J., Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.