■ In the Matter of the Claim of ROBERT J. BUNDSCHUH, Appellant. COMMISSIONER OF LABOR, Respondent. [732 NYS2d

751] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 17, 2001, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In July 1999, when claimant filed his original claim for unemployment insurance benefits, he disclosed that he was the sole proprietor of a seasonal business growing and selling plants and flowers and completed a self-employment questionnaire. He reported that his first growing season began in March 1999 and ended in July 1999 when he closed the business for the season. Claimant thereafter received $4,015 in unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive said benefits on the ground that he was not totally unemployed during the benefit period. Claimant was also charged with a recoverable overpayment and the loss of future benefit days.

Substantial evidence supports the Board's decision. The record reveals that while claimant was receiving benefits, he performed services that benefitted his business. They included the performance of chores around the property and writing checks on a separate business bank account in payment of the business's continuing expenses such as telephone service, heat, mortgage and property insurance. Such activities, even though they were performed during the business's off-season and could be characterized as minimal and unprofitable, are sufficient to support a finding that claimant herein was not totally unemployed. The rationale set forth in similar cases is that the claimant is not totally unemployed, within the meaning of the Labor Law, when he or she "[stands] to gain financially from the continued operation of the business" (*Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950; *see, Matter of Palmer [Commissioner of Labor]*, 252 AD2d 631).

Based on the record before us, there is further support for the finding that, despite claimant's initial disclosure, he knowingly failed to report the activities undertaken on behalf of his business during the benefit period, given the detailed instructions provided by the local unemployment insurance office setting forth the reporting requirements (*see, Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765). Hence, claimant's benefits were properly found to be recoverable (*see, Matter of Luongo [Commissioner of Labor]*, 276 AD2d 996). The remaining contentions raised herein have been examined and found to be unpersuasive.

Cardona, P. J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.