■ In the Matter of the Claim of DONALD M. CASS, Appellant. COMMISSIONER OF LABOR, Respondent. [745 NYS2d 288] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 2001, which, inter alia, ruled that claimant was

ineligible to receive unemployment insurance benefits because he was not totally unemployed.

It is uncontested that during the period when claimant was receiving unemployment insurance benefits, he was actively serving as an elected official. He was a member of the Geneva City Council, receiving a salary of $208.33 per month, until January 1, 2000, when he was sworn in as the Mayor of the City of Geneva, a part-time position for which he was paid $625 per month. The Unemployment Insurance Appeal Board ultimately ruled that claimant was ineligible for benefits because he was not totally unemployed during the benefit period (see, Labor Law §§ 522, 591 [1]) and further ruled that he had made willful false statements in order to receive benefits, assessing him with a recoverable overpayment and the loss of future benefit days.

Substantial evidence supports the Board's decision. Claimant conceded in his hearing testimony that he had been issued an unemployment insurance information handbook and that he had read therein that he was required to report any work he performed on a given day. He explained, however, that he had mentioned his status as an elected official when he first applied for benefits and was told, by a clerk at the local unemployment insurance office, not to "worry about it." Hence, he did not mention it when he made his weekly certifications for benefits. The clerk who took claimant's application, however, testified that if claimant had mentioned his status as an elected official, she would have made a note of it on his application for benefits, and she had not done so. A second representative from the Department of Labor testified that she had spoken to claimant in December 1999, at which time she had specifically instructed him that he was required to report any activities performed by him as an elected official during the benefit period.

We conclude that substantial evidence supports the Board's decision finding that claimant was ineligible for benefits because he was not totally unemployed and further finding that he made willful false statements to obtain benefits (see, Matter of Geracitano [Commissioner of Labor], 277 AD2d 558, 559; Matter of Belle [Sweeney], 225 AD2d 826, lv denied 88 NY2d 805). The conflicting testimony presented at the administrative hearing raised issues of credibility for resolution by the Board (see, Matter of Silverstein [Sweeney], 236 AD2d 757, 758). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.