■ In the Matter of the Claim of LINDA SICHEL, Appellant. COMMISSIONER OF LABOR, Respondent. [753 NYS2d 246] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 2001, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

At the time claimant, an architect, applied for unemployment insurance benefits, she was the sole shareholder and president of Tricycle Enterprises, Inc., a subchapter S corporation established in 1996 for the purpose of manufacturing and selling architectural woodwork. Claimant's spouse, a master woodworker, was the general manager of the business while claimant worked as a salaried employee, marketing the company's products. After the breakdown of their marriage, claimant's spouse barred her from the corporate premises. The

Unemployment Insurance Appeal Board thereafter denied her claim for unemployment insurance benefits on the ground that she was not totally unemployed because she permitted her estranged husband to continue to operate the business, took no measures to regain possession or control, and stood to gain financially by both his efforts and her own ability to deduct any business losses from her personal income tax return. We affirm.

In general, a claimant who is a principal in an ongoing business will not be considered to be totally unemployed within the meaning of the Labor Law, even if the business is not fully operational during the benefit period and the claimant's activities in furtherance thereof are minimal (*see Matter of Burr [Commissioner of Labor]*, 265 AD2d 726; *Matter of Halper [Commissioner of Labor]*, 262 AD2d 848, 849). So long as the claimant stands to gain financially from the continuing operation of the business, his or her affiliation therewith may preclude the receipt of benefits (*see Matter of McEwen [Commissioner of Labor]*, 249 AD2d 672).

Here, although claimant's activities on behalf of the corporation at the time she applied for benefits consisted mainly of receiving telephone calls from its vendors and defending against corporate financial claims, she stood to profit from these activities as they served to improve her personal financial condition and protected her interest in the corporation until it could be liquidated. In addition, claimant's deduction of corporate losses from her personal income tax indebtedness provided her with financial gain (*see Matter of Kazin [Commissioner of Labor]*, 267 AD2d 581; *Matter of Wahler [Sweeney]*, 233 AD2d 739). As substantial evidence supports the Board's ruling that claimant was ineligible to receive benefits because she was not totally unemployed within the meaning of the Labor Law, it will not be disturbed.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.