■ In the Matter of the Claim of WILLIAM J. HELM, Appellant. COMMISSIONER OF LABOR, Respondent. [757 NYS2d 152] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 17, 2001, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, a heavy equipment operator, was employed by a contractor on a seasonal basis, receiving unemployment insurance benefits during the off-season months. In the mid-1990s, he also began to operate his own earth-moving and septic-system installation business, gradually purchasing the necessary heavy equipment (e.g., a dump truck, backhoe and bulldozer, tractor and trailer). While claimant was receiving benefits, he performed certain activities that promoted his private business interests, including running the engines of the various pieces of machinery to keep them in good working order and purchasing fuel for them. As a result, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive the benefits paid to him during the off-season months from 1997 through 2001 on the ground that he was not totally unemployed, charging him with a recoverable overpayment of $25,363.75 and the loss of future benefits days.

Substantial evidence supports the Board's decision. As this Court has previously stated, "a claimant who owns an active business is not totally unemployed, even if the business in question has produced no income, is in a seasonal lull or is not in full operation during the relevant period" (*Matter of Kelly [Commissioner of Labor]*, 250 AD2d 918 [1998]). Applying this precept to the matter under review, claimant's business-related activities, while apparently minimal and unprofitable, are nonetheless sufficient to support the Board's finding that he was not totally unemployed (*see Matter of Bundschuh [Commissioner of Labor]*, 288 AD2d 745 [2001]; *Matter of Valvano [Sweeney]*, 236 AD2d 729, 730 [1997]). Claimant continued "to gain financially from the * * * operation of the business" (*Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950 [1998]), even during the seasonal lull, by taking the business's expenses and the depreciation of its assets as deductions on his personal income tax returns (*see Matter of Gorman [Commissioner of Labor]*, 288 AD2d 597, 598 [2001]).

There is, in addition, substantial evidence supporting the Board's determination that claimant knowingly failed to report his business-related activities when certifying his unemployed

status. Hence, the benefits he received were properly found to be recoverable (*see Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765 [2001]). The remaining contentions raised herein have been examined and found to be without merit.

Cardona, P.J., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.