In the Matter of the Claim of KEVIN R. FRANKE, Appellant. COMMISSIONER OF LABOR, Respondent. [758 NYS2d 868] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

At the time that he applied for unemployment insurance benefits, claimant was a 15% shareholder and, ostensibly, the secretary-treasurer of a subchapter S corporation that manufactured bedding and other items for infants. The business operated out of space in claimant's residence, which was also the residence of the corporation's president and the holder of the remaining 85% of its stock. Claimant was employed by the business for approximately four years. While he averred that he had performed no services for the business since his employment ceased, he conceded that he continued to take occasional telephone messages (his personal telephone line and that of the business were the same) and he remained a signatory on the corporate checking account. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he was not totally unemployed. We affirm.

A claimant who is a principal in an ongoing corporation is

not totally unemployed within the meaning of the Labor Law, even when the business is unprofitable and the claimant's participation therein is minimal (see Matter of Sichel [Commissioner of Labor], 301 AD2d 771 [2003]; Matter of Michielson [Commissioner of Labor], 252 AD2d 624 [1998]). So long as the claimant stands to gain financially from the continuing existence of the business, his or her affiliation therewith may preclude the receipt of benefits (see Matter of Bundschuh [Commissioner of Labor], 288 AD2d 745, 746 [2001]).

In the matter under review, the corporation's president testified as to her continuing efforts to turn the business into a profitable enterprise, an activity that provided claimant with the requisite prospect of financial gain (see Matter of Gauland [Sweeney], 223 AD2d 805, 806 [1996]; see also Matter of Brooke [Commissioner of Labor], 250 AD2d 910, 911 [1998]). As substantial evidence supports the Board's decision that claimant was ineligible to receive benefits because he was not totally unemployed within the meaning of the Labor Law, it will not be disturbed.

Cardona, P.J., Mercure, Crew III, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.