■ In the Matter of the Claim of DANIEL M. ROSENBERG, Appellant. COMMISSIONER OF LABOR, Respondent. [763 NYS2d 134] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 2002, which, upon reconsideration, ruled, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

While receiving unemployment insurance benefits, claimant was the president and sole shareholder of a subchapter S corporation. Although he did not perform services for the corporation other than soliciting business by making telephone calls, sending out resumes and taking a business trip, he did

profit from the corporation's existence by taking its business expenses as deductions on his personal income tax returns. Claimant neglected to disclose his connection with the corporation when he applied for benefits. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving benefits because he was not totally unemployed at the time he received them. The Board charged him with a recoverable overpayment on the ground that he had made willful misrepresentations in order to obtain benefits. Upon reconsideration, the Board adhered to this decision.

Based upon our review of the record, we conclude that substantial evidence supports the Board's ruling. A claimant who is a principal in an ongoing corporation is not totally unemployed within the meaning of the Labor Law, even when the business is not actively functioning and the claimant's participation is minimal (*see Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771, 772 [2003]). So long as the claimant stands to gain financially from the continuing existence of the business, an affiliation therewith may preclude the receipt of benefits (*see Matter of Bundschuh [Commissioner of Labor]*, 288 AD2d 745, 745 [2001]). In the instant matter, claimant earned no income from his corporation during the benefit period; however, his deduction of corporate expenses on his personal income tax returns provided him with the requisite financial gain (*see Matter of Koenigsamen [Commissioner of Labor]*, 283 AD2d 825, 825 [2001]).

There is, in addition, substantial evidence supporting the Board's determination that claimant made willful false statements to obtain unemployment insurance benefits. Claimant did not disclose that he was a corporate officer of an active corporation when he filed for benefits. Moreover, claimant certified on a weekly basis that he was not employed despite his continuous operation of his film production business. Although claimant argues that he did not perform any duties for the corporation and that he mistakenly indicated that he was not a corporate officer, the Board was within its province in determining that these statements were not credible (*see Matter of Cass [Commissioner of Labor]*, 296 AD2d 759, 760 [2002]; *Matter of Weinberg [Commissioner of Labor]*, 256 AD2d 790, 790 [1998]; *Matter of Baumbach [Commissioner of Labor]*, 250 AD2d 918, 919 [1998]). The remaining issues raised herein have been reviewed and found to be without merit.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.