■ In the Matter of the Claim of PAUL Z. MEYER, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 291] —Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 19, 2002, which ruled, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant filed an application for unemployment insurance benefits on November 2, 1998. He represented on the business principal questionnaire accompanying his application that he was the president and 100% shareholder of a closely-held corporation which provided environmental consulting services to other businesses. His application was thereafter granted and he began receiving benefits. In the following six months, he received approximately $11,400 from work done by his closely-held corporation for a former employer and another company, a portion of which was for work performed before he filed his claim. In June 2001, the Department of Labor notified claimant that he was ineligible to receive benefits for the time period following November 2, 1998 because he was not totally unemployed. In addition, finding that claimant made a willful false representation to obtain benefits, it charged him with a recoverable overpayment of benefits in the amount of $9,490 and reduced his right to receive future benefits. A hearing on the matter was conducted before an Administrative Law Judge who ultimately upheld the determination. The Unemployment Insurance Appeal Board affirmed and this appeal ensued.

Initially, we note that "[a] claimant who is a principal in an ongoing corporation is not totally unemployed within the meaning of the Labor Law, even when the business is not actively functioning and the claimant's participation is minimal" (*Matter of Rosenberg [Commissioner of Labor]*, 307 AD2d 506, 507 [2003]; *see Matter of Franke [Commissioner of Labor]*, 305 AD2d 919, 919 [2003]; *Matter of Bundschuh [Commissioner of Labor]*, 288 AD2d 745, 746 [2001]). Here, it is undisputed that claimant was a corporate officer and substantial shareholder of the corporation. Although he represented on the business principal questionnaire that the corporation was not then

functioning and business operations would not resume, he admitted at the hearing that he performed consulting services for which he received income after he began receiving benefits. Notwithstanding claimant's position that he reported such work to the Department, he was by his own admission not totally unemployed during the relevant time period within the meaning of the Labor Law (*see* Labor Law § 522; *Matter of Alm [Commissioner of Labor]*, 302 AD2d 777, 778 [2003]). Therefore, substantial evidence supports the Board's finding on this issue.

Likewise, substantial evidence supports the Board's finding that claimant made a willful false representation to obtain benefits thereby reducing his right to receive future benefits and assessing him a recoverable overpayment. While claimant disclosed the existence of his closely-held corporation on the business principal questionnaire, he stated that it was not functioning even though he later admitted that he actively participated in it only a few months later and, in fact, received income from consulting work done before he filed his claim for benefits. Moreover, although claimant maintained that he reported work activities in December 1998 and January 1999 to the Department, he continued to receive and cash checks for the maximum weekly unemployment benefit for this time period. And while the benefit checks for the weeks ending December 20 and 27, 1998 and January 3 and 10, 1999 were not released by the Department until January 19, 1999, the backs of those checks were endorsed by claimant over a clearly worded certification that claimant did not work in self-employment during the period shown on the front of the checks. Inasmuch as the Board is authorized to resolve issues of credibility (*see Matter of Mahon [Commissioner of Labor]*, 288 AD2d 740 [2001], *lv denied* 97 NY2d 612 [2002]; *Matter of Petvai [Commissioner of Labor]*, 275 AD2d 821 [2000]) and the foregoing supports its finding of willfulness, we decline to disturb its decision (*see Matter of Albarella [Commissioner of Labor]*, 307 AD2d 573, 574 [2003]; *Matter of Shenman [Commissioner of Labor]*, 297 AD2d 852, 853 [2002]).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.