■ In the Matter of the Claim of AVI C. SURI, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 540]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 13, 2003, which, upon reconsidera-

tion, adhered to its prior decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In his October 2001 application for unemployment insurance benefits, claimant represented that he had been laid off from a company called Fiberart, Inc. Thereafter, he received unemployment insurance benefits totaling $10,935. Subsequently, the Department of Labor conducted an investigation and discovered that claimant operated a number of businesses while he was receiving unemployment insurance benefits and claiming that he was totally unemployed. As a result, he was found ineligible to receive benefits, was charged with a recoverable overpayment of benefits and his right to receive future benefits was reduced, prompting this appeal.

We affirm. Detailed testimony and documentary evidence was presented by an investigator at the hearing concerning claimant's involvement, during the benefit period, in a variety of businesses through the use of different post-office box addresses, names and aliases. Claimant denied having any connection to these businesses, but failed to provide documentary proof, such as requested tax returns, to refute the allegations. This conflicting evidence presented a credibility issue for the Unemployment Insurance Appeal Board to resolve (*see Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765, 766 [2001]; *Matter of De Laurentis [Commissioner of Labor]*, 253 AD2d 958, 959 [1998], *lv denied* 92 NY2d 817 [1998]) and substantial evidence supports its finding that claimant was not totally unemployed. Likewise, inasmuch as claimant did not report his activities when certifying for benefits, we find no reason to disturb the Board's conclusion that he made a willful misrepresentation and is liable for a recoverable overpayment of benefits (*see Matter of Caron [Commissioner of Labor]*, 8 AD3d 864, 865 [2004]; *Matter of Mounnarat [Commissioner of Labor]*, 6 AD3d 852, 853 [2004]).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.