■ In the Matter of the Claim of Ishai Biran, Appellant. Commissioner of Labor, Respondent. [781 NYS2d 809]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, a computer consultant, established a corporation in 1997 for the purpose of offering software development services to businesses. This corporation received payment for the consulting services that claimant provided to such businesses. Claimant's wife, an employee of the corporation, provided bookkeeping services which were also paid through the corporation. Claimant operated the business out of his home, used his home telephone line for business-related calls and established a busi-

ness checking account. In November 2001, claimant lost a major client at which time he ceased being president of the corporation and his wife assumed the title. Thereafter, he filed a claim for unemployment insurance benefits and received a total of $14,175 in benefits for the period December 3, 2001 through September 8, 2002, except for four weeks in June and July 2002 when he reported that he was working for another client. The Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive such benefits during the time period at issue because he was not totally unemployed, charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits. Claimant appeals.

We affirm. Although claimant did not actively perform computer consulting services while receiving benefits, he did not dissolve the corporation and continued to use it to solicit clients, with some success. Moreover, claimant's wife continued to perform bookkeeping services on behalf of the corporation, which generated some income for it. Furthermore, the corporate checking account remained intact and the business continued to be run from claimant's home. Inasmuch as claimant stood to gain financially from the continued operation of the business, substantial evidence supports the Board's finding that he was not totally unemployed (*see Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765, 766 [2001]; *Matter of Halper [Commissioner of Labor]*, 262 AD2d 848, 849 [1999]). Although claimant admitted that he read the unemployment insurance booklet advising him of the need to report work done in connection with a family business before certifying for benefits, he maintained that this did not apply to him. Thus, the Board properly charged him with a recoverable overpayment and reduced his right to receive future benefits (*see Matter of Schenker [Commissioner of Labor], supra* at 766).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.