In the Matter of the Claim of RICHARD R. CASSARO, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 791]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 19, 2003, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. The record establishes that claimant was president and 50% shareholder of a publishing company, which he incorporated for the purpose of printing in book form a set of his school writings. After having 3,000 copies of the book printed, the corporation advertised the books, which were priced at $24, through some press releases and small newslet-

ters. The corporation also maintained a checking account and post-office box. Although the business was not profitable and showed a loss of $1,972.76, the tax return for the corporation indicated a small amount of gross sales and set the value of the business assets and copyright in excess of $53,000.

Notwithstanding claimant's assertion that he was not seeking any financial profit from the existence of the business, he nonetheless is entitled to deduct a portion of any corporate business loss from his personal income taxes. These tax benefits provide substantial evidence to support the decision of the Unemployment Insurance Appeal Board finding that claimant stood to gain financially from the continued existence of the business (*see Matter of Dolcater [Commissioner of Labor]*, 307 AD2d 583, 584 [2003]; *Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771, 772 [2003]). Furthermore, it was within the province of the Board to reject claimant's assertion that the business endeavor was a hobby, particularly given the value placed on the business assets (*see Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765 [2001]). Accordingly, the decision will not be disturbed.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.