In the Matter of the Claim of MOSHE SHARON, Appellant. COMMISSIONER OF LABOR, Respondent. [785 NYS2d 183]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 14, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he was not totally unemployed.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was disqualified from receiving unemployment insurance benefits because he was not totally unemployed. The record establishes that, during the period in issue, claimant was the sole shareholder and president of a catering business. In furtherance of the business venture, claimant opened and was the sole signatory on a corporate checking account containing $8,000, purchased equipment for the business and was planning to advertise for business the following month. Furthermore, claimant testified that he spent approximately five hours a week on activities related to the catering business. Even accepting claimant's assertion that the business deduction on his personal income tax was not related to the catering endeavor, the record nevertheless supports the Board's finding that claimant was not entitled to unemployment insurance benefits. The fact that the activities were minimal and not yet profitable "does not preclude a finding that claimant was not totally unemployed and that [he] stood to gain financially from the continued operation of the business" (*Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950 [1998]; *see Matter of Luongo [Commissioner of Labor]*, 276 AD2d 996, 997 [2000]; *Matter of Rhode [Commissioner of Labor]*, 274 AD2d 725, 726 [2000]). Furthermore, although claimant explains that he certified that he was unemployed because he did not consider himself to be employed during the relevant time period, the unemployment insurance information handbook which claimant received specified that all

work must be reported, including time starting up a business. Accordingly, the Board's finding of willful false statements will not be disturbed (*see Matter of Karpien [Commissioner of Labor]*, 297 AD2d 855 [2002]; *Matter of Luongo [Commissioner of Labor], supra*).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.