In the Matter of the Claim of Philip V. Restivo, Appellant. Commissioner of Labor, Respondent. [805 NYS2d 492]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 4, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In February 2004, following the reduction of claimant's hours at an investigation agency where he worked, he filed a claim for unemployment insurance benefits. The agency closed in May 2004 after its owner died. Prior to the agency's closure, claimant had formed an investigation agency of his own, having filed a certificate of doing business in March 2003. He received benefits totaling $9,315 from the beginning of February 2004 through the end of August 2004, both while he was partially employed and after he was no longer employed by the agency. The Unemployment Insurance Appeal Board ruled, based upon claimant's operation of his own business, that he was ineligible for benefits because he was not totally unemployed. It further charged him with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) and reduced his right to receive future benefits by 180 days. Claimant now appeals.

We affirm. A claimant who actively participates in an ongoing business may not be considered totally unemployed even if the business is not fully operational or the claimant's activities are minimal (*see Matter of Sichel [Commissioner of Labor],* 301 AD2d 771, 772 [2003]). The pertinent inquiry is whether the claimant stands to gain financially from the continued operation of the business (*see Matter of Sharon [Commissioner of Labor],* 12 AD3d 1018, 1018 [2004]; *Matter of Helm [Commissioner of Labor],* 304 AD2d 943, 943 [2003]). While claimant did

not devote a full effort to developing the business until after the agency was closed, he stated that he, among other things, paid business expenses, solicited clients, purchased supplies, established a business bank account and credit card, and performed investigative services, all during the benefit period. Although the business was not initially very profitable, claimant began drawing a salary by August 2004 and was also reimbursed for certain business-related expenses. Under these circumstances, substantial evidence supports the Board's finding that claimant was not totally unemployed. Moreover, inasmuch as claimant was provided an informational handbook but did not report his self-employment activities, substantial evidence also supports the Board's finding of a recoverable overpayment (*see* Labor Law § 597 [4]; *Matter of Schmidt [Commissioner of Labor]*, 7 AD3d 899, 900 [2004], *lv denied* 3 NY3d 612 [2004]).

Cardona, P.J., Mercure, Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.