■ In the Matter of the Claim of TIMOTHY J. SPINNING, Appellant. COMMISSIONER OF LABOR, Respondent. [813 NYS2d 810]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 2004, which ruled, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In 1996, claimant and his wife started a country giftware and craft business for which they filed a certificate of doing business under the assumed name "Signs & Wonders Sign Co." Although claimant's wife was the primary operator of the business, claimant wrote checks to pay expenses from the business checking account, made deposits into such account and, at least initially, performed production tasks such as cutting, sanding and staining wood. Claimant applied for and received unemployment insurance benefits from April 28, 2002 through March 16, 2003, but did not report that he performed any work when he certified. Although the business was unprofitable during this time, claimant and his wife took the losses as deductions on their 2002 and 2003 joint federal tax returns. The Unemployment Insurance Appeal Board ultimately found that claimant was ineligible to receive benefits because he was not totally unemployed, charged him with a recoverable overpayment of $12,555 pursuant to Labor Law § 597 (4) and reduced his right to receive future benefits by 248 effective days. Claimant appeals.

Substantial evidence supports the Board's finding that claimant was not totally unemployed. Claimant admitted that he continued to pay expenses on behalf of the business while receiving benefits and occasionally serviced equipment used in the business. By taking advantage of business losses, he stood to benefit financially from the continued existence of the business, even though it was not profitable. Under the circumstances presented, we find no reason to disturb the Board's decision (*see e.g. Matter of Oles [Commissioner of Labor]*, 21 AD3d 1188 [2005]; *Matter of Rolfe [Commissioner of Labor]*, 9 AD3d 731 [2004]). In addition, we are unpersuaded by claimant's assertion that he did not make a willful misrepresentation to obtain benefits. Claimant admitted to receiving an informational booklet advising him of the need to report work performed for relatives regardless of pay, but failed to do so (*see Matter of Sharon [Commissioner of Labor]*, 12 AD3d 1018, 1018-1019 [2004]). His claim that he did not consider check writing to constitute work that needed to be reported presented a credibility issue for the Board to resolve (*see Matter of Meyer [Commissioner of Labor]*, 308 AD2d 644, 645 [2003]).

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.