■ In the Matter of the Claim of JAMES A. ARMBRUSTER, Appellant. COMMISSIONER OF LABOR, Respondent. [826 NYS2d 841]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 19, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant and his wife were corporate officers and shareholders of Fieri of WNY, Inc. After resigning as a corporate officer and relinquishing his stock in 2001, claimant remained as a seasonal employee to manage the corporation's boat harbor business in the summer months. Thereafter, he twice applied for and received unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board found claimant in-

* Plaintiff's subsequent affidavits failed to adequately remedy this defect.

eligible to receive unemployment insurance benefits on the ground that he was not totally unemployed. He was also charged with a recoverable overpayment of benefits and assessed a forfeiture penalty of benefit days upon a finding that claimant had made willful false statements to obtain benefits. The Board found that claimant was a de facto principal in an established family-owned enterprise for which he continued to provide key financial and business services that were critical to the corporation's existence. The Board cited to the fact that even though claimant had resigned as a shareholder and officer, he continued to perform sporadic acts for the corporation and still managed the boat harbor in the summer months. On the question of willfulness, the Board ruled that when claimant certified that he was not working, he knew, based on the official information given him upon applying for benefits, that he had performed reportable activities. Claimant appeals.

Upon our review of the record, we find substantial evidence to support the Board's decision and assessment of claimant's credibility and the inferences it drew from the evidence presented (*see Matter of Warner [Commissioner of Labor]*, 278 AD2d 653 [2000]). Even if it could be accepted that claimant's participation in the corporate business was minimal, so long as he stood to gain financially from the continuing existence of the business, his affiliation could preclude the receipt of benefits on the ground that he was not totally unemployed (*see Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771 [2003]; *Matter of Bundschuh [Commissioner of Labor]*, 288 AD2d 745 [2001]). Here, claimant continued to manage the boat harbor, remained a signatory on the corporate checking account and received lease payments on the rental to the corporation of property that he owned (*see Matter of Kabel [Kabel's Gas Serv.—Commissioner of Labor]*, 267 AD2d 696 [1999]; *Matter of Weinberg [Commissioner of Labor]*, 256 AD2d 790 [1998]; *Matter of Falco [Sweeney]*, 246 AD2d 711 [1998], *lv denied* 92 NY2d 815 [1998]).

In addition, there is substantial evidence to support the finding of willful false statements. Claimant certified on a weekly basis that he was not employed despite his continuing involvement with the corporate business. Although claimant argues that he did not think that being a signatory on the corporate checking account or writing checks for his wife after she had surgery were work activities, the Board was within its province in determining that these statements were not credible (*see Matter of Cass [Commissioner of Labor]*, 296 AD2d 759 [2002]). Finally, claimant admitted that he had received and read the official information concerning what constituted employment

activity. He was informed that he had to report any work, even for a relative, even for an hour and even if it was done as a favor. Contrary to claimant's assertions, his reasons for failing to report his activities were irrelevant; it was his responsibility to disclose all relevant information that might be determinative of his right to receive benefits (*see Matter of Gross [Hudacs]*, 195 AD2d 742 [1993]).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.