■ In the Matter of the Claim of LOUIS B. BRINN, Appellant. COMMISSIONER OF LABOR, Respondent. [831 NYS2d 772]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 2, 2005, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant worked as a radiologist at two practices in Suffolk County between 1967 and 2004. In 1996, he and some of the physicians with whom he worked established a limited liability partnership, in which claimant held an 11.6% ownership interest, for the purpose of operating a radiotherapy center. Claimant provided the business with an initial investment of $11,000 and a subsequent loan of $100,000. The business was operated by a radiotherapist and claimant did not perform radiology services on its behalf. Claimant filed an application for unemployment insurance benefits in January 2004 after he stopped working at the radiology practice. He received benefits totaling $5,265. Subsequently, however, the Unemployment Insurance Appeal Board ruled that claimant was not totally unemployed due to his affiliation with the limited liability partnership and that he was ineligible to receive benefits. In addition, the Board charged him with a recoverable overpayment pursuant to Labor Law § 597 (4) and reduced his right to receive future benefits by 116 effective days. The Board adhered to this decision upon reconsideration, resulting in this appeal.

We affirm. "A claimant who actively participates in an ongoing business may not be considered totally unemployed even if . . . the claimant's activities are minimal" (*Matter of Restivo*

*[Commissioner of Labor]*, 24 AD3d 1007, 1007 [2005] [citations omitted]). "The pertinent inquiry is whether the claimant stands to gain financially from the continued operation of the business" (*id.* [citations omitted]; *see Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771, 772 [2003]). In the case at hand, claimant held an ownership interest in the limited liability partnership, loaned it money, received a partial repayment of the loan, was an authorized signatory on the business checking account, signed checks while receiving unemployment insurance benefits and received a tax credit related to the partnership business. In view of this, substantial evidence supports the Board's finding that claimant stood to gain financially from the existence of the partnership business and was not totally unemployed (*see e.g. Matter of Oles [Commissioner of Labor]*, 21 AD3d 1188, 1189 [2005]). Furthermore, given his receipt of an informational booklet, claimant's failure to disclose his affiliation with the partnership when certifying for benefits supports the Board's decision to charge him with a recoverable overpayment pursuant to Labor Law § 597 (4) (*see Matter of Rozestraten [Commissioner of Labor]*, 27 AD3d 864, 865 [2006]).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.