1230

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 2005, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant worked at a brokerage firm from 1997 through 2001 at which time the firm was acquired by another company. He returned to the firm in 2003 as a commissioned salesperson, but did not earn any commissions. Beginning in May or June 2003, claimant entered into an arrangement with the firm whereby he spent his time promoting a corporate finance strategy instead of selling commission-based products. In November 2003, his association with the firm was officially terminated due to his failure to produce any revenue during the preceding six months, which was required by regulatory authorities to maintain a broker's license. Claimant filed an application for unemployment insurance benefits in May 2003 prior to pursuing his corporate finance strategy. He received benefits from June 2, 2003 to October 12, 2003 totalling $7,695. The Unemployment Insurance Appeal Board subsequently ruled, among other things, that he was ineligible to receive benefits during this time period because he was not totally unemployed. The Board adhered to this decision upon reconsideration, resulting in this appeal.

It is well settled that a claimant who actively participates in an ongoing business may not be considered totally unemployed even if his or her activities are minimal so long as the claimant stands to benefit financially from the continued existence of the business (see Matter of Brinn [Commissioner of Labor], 38 AD3d 1080, 1080-1081 [2007]; Matter of Restivo [Commissioner of Labor], 24 AD3d 1007, 1007 [2005]). Here, the evidence indicates that claimant devoted significant effort at promoting his corporate finance strategy and that, in the process, he used

the firm's office and consulted with its personnel. It is apparent that claimant undertook this effort for the purpose of receiving a financial benefit and would have done so if he had been successful in obtaining clients during the time period in question. Inasmuch "[a]s claimant's 'activities were in furtherance of a plan that was intended to produce income' " (*Matter of Standig [Commissioner of Labor]*, 3 AD3d 828, 828 [2004], quoting *Matter of Savage [Commissioner of Labor]*, 253 AD2d 924, 924 [1998]), substantial evidence supports the Board's finding that claimant was not totally unemployed, even if his activities were ultimately not profitable. Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.