In the Matter of the Claim of FRANK J. CEFALU, JR., Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 814]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 30, 2004, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant and his wife are officers of a closely held corporation that they started on May 6, 2002 for the purpose of selling advertising through a resource booklet distributed to casualty insurers throughout the country. The business was primarily run by claimant's wife out of their home. After claimant was laid off from his job, he filed a claim for unemployment insurance benefits effective March 18, 2002 and collected 39 weeks of benefits totaling $13,365. Subsequently, however, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive benefits because he was not totally unemployed due to his affiliation with the corporation. The Board further charged him with a recoverable overpayment from May 6, 2002 and reduced his right to receive future benefits by 264 days on the basis that he made willful misrepresentations. Claimant appeals.

We affirm. Initially, we note that a principal of a corporation will not be considered to be totally unemployed if he or she performs activities on its behalf, even if minimal, so long as he or she stands to benefit financially from the corporation's continued existence (see Matter of Koenes [Commissioner of Labor], 30 AD3d 873, 874 [2006]; Matter of Verdecchia [Commissioner of Labor], 29 AD3d 1142, 1143 [2006]). Here, it is undisputed that claimant was a signatory to the corporate checking account, signed checks on its behalf and took business losses on his 2002 federal tax return. Under these circumstances, substantial evidence supports the Board's finding that claimant was not totally unemployed (see e.g. Matter of Spinning [Commissioner of Labor], 28 AD3d 975 [2006]). Substantial evidence also supports the Board's finding that claimant made willful misrepresentations to obtain benefits. Although claimant

testified that an employee of the Department of Labor assured him that he did not need to report check writing activities when certifying for benefits even though he was a corporate officer, contrary testimony was presented at the hearing. Inasmuch as this conflicting testimony presented a credibility issue for the Board to resolve (*see Matter of Suri [Commissioner of Labor]*, 10 AD3d 744, 745 [2004]), we decline to disturb the Board's decision.

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.