In the Matter of the Claim of HEATH W. LANDRY, Appellant. COMMISSIONER OF LABOR, Respondent. [845 NYS2d 851]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 27, 2006, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant filed applications for unemployment insurance benefits in February 2004 and February 2005, and received a total of $8,511. On February 25, 2004, during the first benefit period, claimant filed a certificate of doing business establishing a business, known as Wayne Bare Hill Enterprises, for the purpose of raising beef cattle. Claimant acquired three head of cattle and deducted the expenses associated with keeping them, as an offset to his income, on his 2004 federal income tax return. He did not, however, disclose these activities to the Department of Labor even though he received an informational handbook apprising him of the need to report self-employment. The Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. Upon finding that

claimant made willful false statements to obtain benefits, the Board also charged him with a recoverable overpayment and reduced his right to receive future benefits by 412 days. Claimant appeals.

We affirm. A claimant who performs activities or services on behalf of, and stands to benefit financially from, an ongoing business will not be considered totally unemployed even if his or her activities are minimal or the business is not profitable (*see Matter of Swan [Commissioner of Labor]*, 40 AD3d 1295, 1295 [2007]; *Matter of Moreira-Brown [Commissioner of Labor]*, 36 AD3d 987, 988 [2007]). Here, claimant worked on a daily basis—although minimally—to maintain the cattle, he benefitted from taking tax deductions for expenses related to their upkeep, and he sold two of the animals in 2005 for $4,000, declaring a net farm profit on his tax return and paying self-employment tax on that income (*see Matter of Cefalu [Commissioner of Labor]*, 41 AD3d 1088 [2007]; *Matter of Rolfe [Commissioner of Labor]*, 9 AD3d 731, 731-732 [2004]). This constitutes substantial evidence supporting the Board's finding that claimant was not totally unemployed. While claimant maintained that he purchased the cattle for personal consumption and did not disclose his activities because he did not believe that they constituted self-employment, such testimony was contradicted by his tax returns and presented a credibility issue for the Board to resolve (*see Matter of Armbruster [Commissioner of Labor]*, 36 AD3d 1037, 1038 [2007]; *Matter of Spinning [Commissioner of Labor]*, 28 AD3d 975, 976 [2006]). Under these circumstances and given claimant's receipt of the informational handbook, substantial evidence supports the Board's factual finding that he made willful misrepresentations and its resulting imposition of a recoverable overpayment and forfeiture penalty (*see Matter of Armbruster [Commissioner of Labor]*, 36 AD3d at 1038-1039; *Matter of Spinning [Commissioner of Labor]*, 28 AD3d at 976). Accordingly, we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.