■ In the Matter of the Claim of CHARLES D. CARD, Appellant. COMMISSIONER OF LABOR, Respondent. [853 NYS2d 678]—

Carpinello, J.

In July 2002, claimant closed a fundraising business he ran and took up residence with his brother and sister-in-law. While he resided with them, he agreed to be listed as a corporate officer on a business that his sister-in-law started in August 2002, known as Candy's Farm Market, Inc., which entailed selling flowers, produce and Christmas trees from a farmstand near the house. In September 2002, claimant applied for, and received, unemployment insurance benefits. Ultimately, however, the Unemployment Insurance Appeal Board ruled that he was ineligible to receive benefits because he was not totally unemployed. Moreover, it charged him with a recoverable overpayment and reduced his right to receive future benefits on the basis that he made willful false statements.

On appeal, claimant challenges the Board's finding that he made willful false statements to obtain benefits. Since substantial evidence supports this finding by the Board, we affirm. At the hearing, claimant testified that he performed unpaid services for his sister-in-law's business to help her and his brother out while he lived with them. These services included unloading delivery trucks, watering flowers and selling produce. Despite his involvement with his sister-in-law's business, claimant certified on a weekly basis that he was not employed.

Claimant admitted that he had received the official informa-

tion concerning what constituted employment activities (*see Matter of Armbruster [Commissioner of Labor]*, 36 AD3d 1037 [2007]). This information states that he was obligated to report any work, even for a relative, and even if done as a favor. The work performed for his sister-in-law's business certainly fell within this definition. As "[c]laimant had the responsibility to disclose all pertinent facts which might be determinative of his right to receive unemployment insurance benefits" (*Matter of Gross [Hudacs]*, 195 AD2d 742, 742 [1993]), his failure to do so supports the Board's finding of willfulness and its imposition of a recoverable overpayment.

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.