*924 Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 16, 2007, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Claimant was employed as a college art teacher and also produced works of art, such as sculptures, drawings and paintings, that she marketed for sale. After her teaching assignment ended, she filed a claim for unemployment insurance benefits and received a total of $6,357. The Unemployment Insurance Appeal Board, however, subsequently ruled that claimant was ineligible to receive benefits because she was not totally unemployed. The Board also charged her with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4). Claimant appeals.
We affirm. It has been held that a claimant who performs activities on behalf of a business, even if minimal, will not be considered totally unemployed so long as the claimant stands to benefit financially from the continued existence of the business (see Matter of Brinn [Commissioner of Labor], 38 AD3d 1080, 1080-1081 [2007]; Matter of McDonald [Commissioner of Labor], 26 AD3d 636, 637 [2006]). In the case at hand, claimant continued to operate her business of selling her art work during the period that she was collecting unemployment insurance benefits. Evidence was presented that she maintained a Web site containing her resume and catalog of professional work, attended training workshops and conferences, displayed her work in art galleries and at art shows, purchased supplies, wrote checks for various business-related expenses and deducted business-related expenses on her personal income tax return. Inasmuch as claimant clearly stood to gain financially from the foregoing activities, substantial evidence supports the Board’s decision that she was not totally unemployed (see e.g. Matter of Restivo [Commissioner of Labor], 24 AD3d 1007 [2005]). In addition, claimant received an unemployment insurance handbook advising her of the need to report self-employment activities, but admitted that she did not do so. In view of this, the Board was justified in charging claimant with a recoverable overpayment pursuant to Labor Law § 597 (4) (see Matter of Brinn [Commissioner of Labor], 38 AD3d at 1081; Matter of Restivo [Commissioner of Labor], 24 AD3d at 1008).
Cardona, EJ., Feters, Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.