■ In the Matter of the Claim of TIMOTHY MURPHY, Appellant. COMMISSIONER OF LABOR, Respondent [974 NYS2d 670]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed May 31, 2012, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was the president and founder of Select Staffing Inc. In 1997, his wife became president and sole owner of the corporation in an effort to market it as "a woman owned company." However, plaintiff's wife began losing interest in the business and, due to declining business, claimant purportedly decided to discontinue corporate operations. In 2009, claimant applied for and began receiving unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately found that claimant was a de facto principal of the corporation and was ineligible to receive benefits because he was not totally unemployed. The Board further charged him with a recoverable overpayment of benefits and assessed a forfeiture penalty of benefit days upon the basis that he had made willful misrepresentations. Claimant now appeals.

Substantial evidence supports the Board's determination and, accordingly, we affirm. "Even if it could be accepted that claimant's participation in the corporate business was minimal, so long as he stood to gain financially from the continuing existence of the business, his affiliation could preclude the receipt of benefits on the ground that he was not totally unemployed" (*Matter of Armbruster [Commissioner of Labor]*, 36 AD3d 1037, 1038 [2007] [citations omitted]; *see Matter of Lawrence [Commissioner of Labor]*, 39 AD3d 980, 980-981 [2007]). Claimant continued to maintain the corporate office and work from it during the period he was purportedly unemployed, had access to the corporate checking account, and used revenues to pay corporate expenses such as rent, wages to other employees and his own health insurance. Inasmuch as claimant repeatedly certified that he had not worked any days despite performing the above tasks, substantial evidence also supports that part of the Board's determination charging him with a recoverable overpayment and imposing a forfeiture penalty (*see Matter of Armbruster [Commissioner of Labor]*, 36 AD3d at 1038).

To the extent not specifically addressed herein, claimant's remaining contentions have been considered and found to be lacking in merit.

Rose, J.P., Stein, McCarthy and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.