■ In the Matter of the Claim of MARTIN SHAPIRO, Appellant. COMMISSIONER OF LABOR, Respondent. [738 NYS2d 450] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 2000, which, inter alia, reduced claimant's right to receive future unemployment insurance benefits because he made willful misrepresentations to obtain benefits.

Claimant was employed as a college adjunct professor, teaching a class one evening per week from January 18, 1999 to May 9, 1999. During this time, he certified by telephone each week that he had not performed any work and was, thus, eligible to receive unemployment insurance benefits. The Commissioner of Labor issued an initial determination holding that claimant was ineligible to receive benefits during the aforementioned time period because he was not totally unemployed, charging him with a recoverable overpayment of benefits and ruling that he made willful false statements to obtain benefits, for which a forfeiture penalty of 124 effective days was imposed. Following a hearing, an Administrative Law Judge overruled that part of the Commissioner's determination which ruled that claimant made willful false statements to obtain benefits. The Commissioner appealed that part of the determination finding that claimant did not make willful false statements to obtain benefits. The Unemployment Insurance Appeal Board reversed the decision of the Administrative Law Judge and reinstated the Commissioner's initial determination. Claimant appeals and we affirm.

Substantial evidence supports the Board's decision finding that claimant made willful false statements to obtain benefits and reducing his right to receive future benefits by 124 effective days. The record reveals that claimant certified that he worked no days in the weeks for which he received benefits, notwithstanding that he taught each Tuesday evening throughout the time period at issue. Claimant's assertion that he believed two hours of teaching each week did not constitute "work" for unemployment purposes is unavailing in light of his

admission that he was supplied with the appropriate informational handbook (*see, Matter of Scott [New York Law School—Commissioner of Labor]*, 257 AD2d 871, *lv denied* 93 NY2d 808; *Matter of Nelson [Hartnett]*, 179 AD2d 987, *appeal dismissed* 79 NY2d 1039). Claimant's remaining arguments have been considered and rejected as lacking in merit.

Cardona, P.J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.