■ In the Matter of the Claim of Lori A. McHugh, Appellant. Commissioner of Labor, Respondent. [759 NYS2d 813] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 2002, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

After claimant lost her employment under nondisqualifying circumstances, she applied for and received unemployment insurance benefits. During the benefit period, she was the presi-

dent and sole shareholder of a subchapter S corporation and while she did not perform services for the corporation, she did profit from its existence by taking its business losses as deductions from her personal income tax returns. Claimant neglected to disclose her connection with the corporation when she applied for benefits. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving benefits because she was not totally unemployed at the time she was receiving them. Substantial evidence supports the Board's decision.

A claimant who is a principal in an ongoing corporation is not totally unemployed within the meaning of the Labor Law, even when the business is not actively functioning and the claimant's participation is minimal (*see Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771, 772 [2003]). So long as the claimant stands to gain financially from the continuing existence of the business, his or her affiliation therewith may preclude the receipt of benefits (*see Matter of Bundschuh [Commissioner of Labor]*, 288 AD2d 745, 746 [2001]). In the instant matter, claimant earned no income from the corporation during the benefit period; however, her deduction of corporate expenses from her personal income tax indebtedness provided her with the requisite financial gain (*see Matter of Gorman [Commissioner of Labor]*, 288 AD2d 597, 598 [2001]).

There is, in addition, substantial evidence supporting the Board's determination that claimant knowingly failed to report her corporate affiliation when certifying her unemployed status despite having received the unemployment insurance handbook which explained the reporting requirements. Hence, the benefits she received were properly found to be recoverable (*see Matter of Schenker [Commissioner of Labor]*, 284 AD2d 765, 766 [2001]). The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.