■ In the Matter of the Claim of RICHARD J. SIERPINSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 665] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 2002, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant, a vice-president and shareholder of a subchapter S corporation that was engaged in the business of carpet installation, neglected to disclose his affiliation with the corporation when he applied for unemployment insurance benefits. In the decision under review, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed during the benefit period. The Board found, in addition, that claimant had made willful false statements to obtain benefits, charging him with recoverable overpayments and the loss of benefit days. Claimant appeals, and we affirm.

The record discloses that claimant actively realized financial gain from his corporate affiliation during the benefits periods. Corporate profits were reported on his 1997 personal income tax return and corporate losses were taken as deductions on his 1998 and 1999 income tax returns. These financial benefits were sufficient to belie claimant's representations of unemployment, providing substantial evidence in support of the Board's decision (*see Matter of Koenigsamen [Commissioner of Labor]*, 283 AD2d 825 [2001]; *see also Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771, 772 [2003]). Substantial evidence also supports the Board's finding that claimant made willful false statements to obtain benefits by failing to report his corporate affiliation when certifying his unemployed status, thereby subjecting him to the penalties of recoverable overpayments and the loss of benefit days. Claimant's explanations for his failure to report his corporate affiliation, i.e., that his father had made him a corporate officer and shareholder without his knowledge and that his accountant, also without his knowledge, had reported corporate earnings and losses on his income tax returns, raised issues of credibility that were within the discretionary power of the Board to resolve (*see Matter of Petvai [Commissioner of Labor]*, 275 AD2d 821 [2000]). The remaining issues raised by claimant have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.