■ In the Matter of the Claim of KATHLEEN C. TOBIN, Appellant. COMMISSIONER OF LABOR, Respondent. [798 NYS2d 800]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a store manager, was absent from work on October 7, 2003 due to illness. Nevertheless, claimant's time card was punched that day indicating that she arrived at work at 9:10 A.M.. According to the employer, claimant initially denied any wrongdoing when questioned about the discrepancy, but ultimately admitted that she requested that her coworker punch her in on October 7, 2003 because she thought that she would make it to work that day. Claimant was aware of the employer's policy prohibiting employees from punching another employee's time card. The Unemployment Insurance Appeal Board, reversing the decision of the Administrative Law Judge, ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

It is well settled that an employee's apparent dishonesty or failure to comply with a known policy of the employer can constitute disqualifying misconduct (*see Matter of Petrosov [Commissioner of Labor],* 284 AD2d 874, 875 [2001]; *Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor],* 257 AD2d 877, 878 [1999]). Although claimant denied soliciting a coworker to punch her time card and offered various reasons to explain why her time card was punched on a day she was absent from work, this created a credibility issue which the Board was free to resolve against claimant (*see Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor], supra* at 878). Inasmuch as

substantial evidence supports the Board's decision that the incident amounted to a theft of time and was against a known policy of the employer, it will not be disturbed.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.