■ In the Matter of the Claim of MELISSA A. WITHAM, Appellant. COMMISSIONER OF LABOR, Respondent. [806 NYS2d 788]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 16, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant applied for unemployment insurance benefits on February 16, 2004 after she lost her job as a senior project specialist due to a lack of work. She indicated on the business principal questionnaire filled out in connection with her claim that she was the president and a 100% shareholder of a corporation operating a graphic design business. The Unemployment Insurance Appeal Board ultimately ruled that, due to claimant's involvement in the graphic design company, she was ineligible to receive benefits because she was not totally unemployed, prompting this appeal.

A claimant who is the principal of a corporation is not considered totally unemployed where he or she stands to benefit financially from the corporation's continued existence even if his or her activities on its behalf are minimal (see Matter of McHugh [Commissioner of Labor], 305 AD2d 923, 924 [2003]; Matter of Franke [Commissioner of Labor], 305 AD2d 919, 920 [2003]). Here, claimant's primary official duty was to write checks from the corporate bank account to which she was the sole authorized signatory. During the transitionary period when

ownership was to be transferred to another individual, claimant signed approximately 50 blank checks for the purpose of paying corporate expenses. Notably, the corporate bank account remained open even after she filed her claim. In addition, claimant loaned the corporation approximately $17,000 during her tenure as president and, in such capacity, also shouldered personal liability to the state for unpaid withholding taxes, which remained outstanding at the time she filed her claim. Notwithstanding claimant's testimony that she never owned stock in the company, given her responses to the questionnaire, check writing activities and potential financial windfall from the corporation's potentially profitable operations, substantial evidence supports the Board's finding that she was "still inextricably intertwined with the corporation's affairs" and not totally unemployed.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.