In the Matter of the Claim of RITA L. VERDECCHIA, Appellant. COMMISSIONER OF LABOR, Respondent. [814 NYS2d 791]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 8, 2005, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant is the vice-president and a 50% shareholder of a closely held corporation operated by her husband, a professional musician, engaged in the business of arranging music composition and performances. After claimant lost her job at a music

store specializing in the sale and repair of rare stringed instruments, she filed a claim for unemployment insurance benefits. She was found ineligible to receive benefits by the Unemployment Insurance Appeal Board on the ground that, due to her activities in connection with her husband's business, she was not totally unemployed. Claimant now appeals.

We affirm. It is well established that a principal who stands to reap a financial benefit from the continued existence of a corporation will not be considered totally unemployed even if the activities he or she performs on its behalf are minimal (*see Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771, 772 [2003]; *Matter of Brooke [Commissioner of Labor]*, 250 AD2d 910, 911 [1998]). Here, it is undisputed that claimant held a beneficial interest in the corporation by virtue of her status as a corporate officer and shareholder, was a signatory to the corporate bank account and paid bills on behalf of the corporation when her husband was on tour. In addition, while she was working for the music store, she periodically deposited her paycheck into the corporate bank account and sometimes paid personal expenses therefrom. Insofar as claimant stood to gain financially from her affiliation with the corporation, substantial evidence supports the Board's decision (*see Matter of Ours [Commissioner of Labor]*, 268 AD2d 669 [2000]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.