■ In the Matter of the Claim of DAVID K. KOENES, Appellant. COMMISSIONER OF LABOR, Respondent. [817 NYS2d 713]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 5, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

After losing his job as the general manager of a hotel, claimant filed an application for unemployment insurance benefits effective August 25, 2003. Prior to this, claimant started a landscaping business with his son and acted as an officer of the closely held corporation that they formed to operate the business. Although the business no longer was active when claimant applied for benefits, the corporation had not yet been dissolved. Claimant initially received benefits totaling $10,530, but the Unemployment Insurance Appeal Board subsequently ruled that he was ineligible to receive benefits because he was not totally unemployed and charged him with a recoverable overpayment. Claimant now appeals.

It is well established that a claimant who is a principal of an ongoing corporation will not be considered totally unemployed, even if his or her activities are minimal, so long as he or she stands to gain financially from the continued existence of the corporation (*see Matter of Witham [Commissioner of Labor]*, 25 AD3d 837, 837 [2006]; *Matter of McHugh [Commissioner of Labor]*, 305 AD2d 923, 924 [2003]). Here, it is undisputed that claimant took income tax deductions for expenses associated with the business, which he continued to pay even though the business no longer was generating any income. As receipt of a tax benefit is sufficient to render a claimant not totally unemployed (*see Matter of Dolcater [Commissioner of Labor]*, 307 AD2d 583, 584 [2003]), we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.