■ In the Matter of ELYSE S. SINGER, Appellant. COMMISSIONER OF LABOR, Respondent. [817 NYS2d 447]—

Crew III, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 31, 2004, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

From 1998 to September 2003, claimant served as the president and artistic director of Hourglass Group, Ltd., a not-for-profit theater organization. In the interim, claimant began employment with an Internet service provider and, following layoffs in 2001 and 2003, claimant applied for and obtained unemployment insurance benefits in the amounts of $5,872.50 and $2,520, respectively. Thereafter, in June 2004, the Department of Labor issued determinations holding that claimant was not totally unemployed during the 2001 and 2003 periods at issue and, further, that she had made willful misrepresentations in order to obtain benefits—namely, denying that she had served as an officer of a corporate entity. Accordingly, claimant was charged with recoverable overpayments totaling $8,392.50 and penalties totaling a loss of 192 effective days. Following a hearing, the Administrative Law Judge overruled the initial determinations, finding that claimant's activities on behalf of Hourglass were voluntary in nature and that she neither received nor had any reasonable expectation of receiving future compensation or benefits. Upon the Commissioner of Labor's administrative appeal, the Unemployment Insurance Appeal Board reversed, prompting this appeal by claimant.

It is well settled that "a corporate officer who performs business-related activities on behalf of an ongoing corporation will not be deemed totally unemployed even if he or she does not receive any income. The pertinent inquiry is whether the claimant stands to benefit financially from the continued operation of the corporation" (*Matter of Schmidt [Commissioner of Labor]*, 7 AD3d 899, 899-900 [2004], *lv denied* 3 NY3d 612 [2004] [citations omitted]; *see Matter of Rozestraten [Commissioner of Labor]*, 27 AD3d 864, 865 [2006]). To that end, the deduction of corporate expenses on a personal income tax return may constitute disqualifying income (*see Matter of Rozestraten [Commissioner of Labor]*, supra at 865; *Matter of McHugh [Commissioner of Labor]*, 305 AD2d 923, 924 [2003]).

To be sure, the record before us established that claimant nei-

ther received nor stood to receive direct compensation from Hourglass for the services she performed on its behalf. The record also established, however, that claimant took various deductions related to Hourglass on schedule C of her personal income tax return for the years 1998 through 2001. Although both claimant and her accountant testified that this was an administrative error, that the deductions claimed properly belonged to the sole proprietorship that claimant operated and that amended returns subsequently were filed to correct this error, the fact remains that this corrective action was not undertaken until after claimant sought unemployment insurance benefits. While claimant makes much of the fact that the testimony relating to the nature of this administrative error was unrebutted, her argument on this point misses the mark. The timing of claimant's amended tax returns in the context of her application for unemployment insurance benefits arguably casts doubt upon her motivation for taking such corrective action. Hence, in the final analysis, claimant's testimony regarding the nature of the underlying deductions, the perceived inconsistency in the treatment of such deductions and the timing of the amended returns all distill to credibility issues that the Board was free to resolve against claimant (*see e.g. Matter of Tobin [Commissioner of Labor]*, 20 AD3d 839 [2005]). Thus, we simply cannot say that the Board erred in finding that claimant was not totally unemployed during the relevant time periods. Claimant's remaining contentions, including her assertion that she was improperly charged with recoverable overpayments, have been examined and found to be lacking in merit.

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.