■ In the Matter of the Claim of BEVERLEY A. WALTERS, Appellant. COMMISSIONER OF LABOR, Respondent. [817 NYS2d 765]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 2005, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant filed an application for unemployment insurance benefits effective January 31, 2005. At the time, she was a corporate officer and 51% shareholder of a corporation she started with a partner in March 2003. The corporation's business entailed bidding on large copying and printing jobs, primarily through the use of the Internet, and subcontracting these jobs to other companies. The Unemployment Insurance Appeal Board ruled that, due to claimant's involvement in the corporation, she was not totally unemployed and was, therefore, ineligible to receive benefits. Claimant appeals.

We affirm. It is well settled that a claimant who is the principal of a corporation will not be considered totally unemployed even if the business is not actively functioning and the claimant's participation is minimal (see Matter of Meyer [Commissioner of Labor], 308 AD2d 644, 644 [2003]). Benefits will be precluded if the claimant stands to benefit financially from the corporation's continued existence (see Matter of Dolcater [Commissioner of Labor], 307 AD2d 583, 584 [2003]; Matter of McHugh [Commissioner of Labor], 305 AD2d 923, 924 [2003]). Here, although the corporation was not actively seeking bids during the time period in question, claimant remained a signatory on the corporate checking account, wrote at least one check and visited the corporate office, which was equipped with a desk, computer and telephone, once a week to check messages. Claimant testified that the corporation was awaiting certification as a minority business before resuming active operations. Inasmuch as claimant clearly stood to gain financially from her continued affiliation with the corporation even though she was not receiving income, substantial evidence supports the Board's decision.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.