■ In the Matter of the Claim of MICHAEL R. GIGANTE, Appellant. COMMISSIONER OF LABOR, Respondent. [819 NYS2d 351]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 25, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Following the loss of his job as a sales engineer, claimant began receiving unemployment insurance benefits after he filed an original claim, effective August 18, 2003. On November 3, 2003, claimant became a director and the corporate secretary of a closely held corporation formed with his wife and two acquaintances for the purpose of operating a restaurant franchise. Claimant continued to receive benefits after the corporation was formed but did not disclose the activities that he performed on its behalf when certifying for benefits. Following various proceedings, the Unemployment Insurance Appeal Board ultimately found that claimant was ineligible to receive benefits because he was not totally unemployed due to his involvement with the corporation. The Board further ruled that he was liable for a recoverable overpayment of $6,480 in benefits pursuant to Labor Law § 597 (4) and reduced his right to receive future benefits by 128 days. Claimant appeals.

"It is established that a corporate officer who performs business-related activities on behalf of an ongoing corporation will not be deemed totally unemployed even if he or she does not receive any income" (*Matter of Schmidt [Commissioner of Labor]*, 7 AD3d 899, 899 [2004], *lv denied* 3 NY3d 612 [2004] [citations omitted]; *see Matter of Sarubbi [Commissioner of Labor]*, 9 AD3d 723 [2004]). In the case at hand, claimant was a signatory to the corporate checking account and signed at least 10 checks on its behalf to cover various expenses during the time period in question. In addition, he signed a corporate loan agreement, a guarantee of the lease for the corporate premises and a franchise agreement. Moreover, he was present at the first meeting of the board of directors and certified the corporate minutes in his capacity as secretary. He was also involved in the hiring of employees to operate the business and ultimately became the day manager in April 2004, at which time he no longer was certifying for benefits. In view of claimant's activities,

as well as the fact that he stood to benefit financially from the corporation's continued existence (*see Matter of Michielson [Commissioner of Labor]*, 252 AD2d 624 [1998]), substantial evidence supports the Board's finding that he was not totally unemployed. Furthermore, given claimant's failure to disclose his corporate affiliation when certifying for benefits despite his receipt of an informational booklet describing the reporting requirements, substantial evidence also supports the Board's finding that he was liable for a recoverable overpayment (*see Matter of Rozestraten [Commissioner of Labor]*, 27 AD3d 864, 865 [2006]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.