■ In the Matter of the Claim of KEITH J. KANSU, Appellant. COMMISSIONER OF LABOR, Respondent. [827 NYS2d 788]—

Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 13, 2005, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant is the president and sole employee of a lawn sprinkler company known as Down To Earth Sprinklers, Inc. (hereinafter DTES), which he formed as a subchapter S corporation in 2000. Thereafter and through the end of 2003, claimant prepared DTES to conduct business by opening a corporate checking account, securing liability insurance coverage and obtaining necessary licenses. He also wrote checks on its bank account to pay business expenses and deducted its losses on his personal tax returns. However, during that time, DTES generated no revenue. Instead, claimant's income came from his full-time work for other sprinkler companies, and he collected unemployment insurance benefits during the off seasons. In 2004, he advertized the services offered by DTES and the business began to generate income. The Unemployment Insurance Appeal Board subsequently determined that claimant was ineligible to receive unemployment insurance benefits for portions of 2000 through 2004 because he was not totally unemployed and he had misrepresented his employment status to obtain benefits. It also charged him with recoverable overpayments during these periods pursuant to Labor Law § 597 (4) and reduced his right to receive future benefits based upon a finding that his misrepresentations were willful. Claimant appeals.

We affirm. "It is well established that a principal who stands to reap a financial benefit from the continued existence of a corporation will not be considered totally unemployed even if the activities he or she performs on its behalf are minimal" (*Matter of Verdecchia [Commissioner of Labor]*, 29 AD3d 1142, 1143 [2006] [citations omitted]; *see Matter of Koenes [Commissioner of Labor]*, 30 AD3d 873, 874 [2006]). Here, although

claimant's activities as a corporate officer from 2000 through 2003 were minimal, his testimony confirmed that he had formed the corporation for the purpose of earning additional income, he actively worked to prepare it for that purpose, he intended to begin operating the business to make money as soon as he was able to obtain his own health insurance, which he did in 2004, and the business then began producing revenue. Therefore, substantial evidence supports the Board's finding that claimant stood to gain financially from its existence and was not totally unemployed during the relevant time periods (*see Matter of Stanton [Commissioner of Labor]*, 291 AD2d 698, 699 [2002]; *Matter of Brooke [Commissioner of Labor]*, 250 AD2d 910, 911 [1998]).

Likewise, inasmuch as claimant did not disclose his status as a corporate officer or the corporate activities he performed when certifying his applications for benefits, substantial evidence supports the Board's finding that he misrepresented his entitlement to benefits by failing to disclose his status and activities as a corporate officer (*see Matter of Johnston [Commissioner of Labor]*, 253 AD2d 949, 950 [1998]). Because he received the Department of Labor's informational booklets and acknowledged that, if he had read them, they would have informed him that his corporate activities constituted employment, we will not disturb the Board's further conclusion that his misrepresentations were willful (*see Matter of Sharon [Commissioner of Labor]*, 12 AD3d 1018, 1018-1019 [2004]; *Matter of Ciraolo [Commissioner of Labor]*, 302 AD2d 848, 848 [2003]; *Matter of Karpien [Commissioner of Labor]*, 297 AD2d 855, 855-856 [2002]; *Matter of Shapiro [Commissioner of Labor]*, 291 AD2d 775, 775-776 [2002]. Thus, the one-year period limiting the recovery of benefits under Labor Law § 597 (3) is inapplicable (*see Matter of Barr [Commissioner of Labor]*, 270 AD2d 522, 523 [2000]). Claimant's remaining contentions have been considered and found to be unpersuasive.

Spain, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.