■ In the Matter of the Claim of BONNIE A. SANDERS, Appellant. COMMISSIONER OF LABOR, Respondent. [831 NYS2d 773]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 16, 2006, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant and her husband own and operate a diner which is open each year from April to October. In April 2004 the business was incorporated and claimant was designated as the secretary of the corporation. In October 2004 claimant filed for unemployment insurance benefits. In her application, claimant stated that she was not the officer of a corporation. Ultimately, the Unemployment Insurance Appeal Board found claimant in-

eligible for benefits because she was not totally unemployed and charged claimant with a recoverable overpayment of benefits. Upon reconsideration, the Board adhered to its original decision. Claimant appeals.

We affirm. A claimant who is a principal of a corporation will not be considered totally unemployed even if the claimant's participation is minimal, as long as the claimant benefits financially from the continued existence of the corporation (*see Matter of Walters [Commissioner of Labor]*, 31 AD3d 852 [2006]; *Matter of Singer [Commissioner of Labor]*, 30 AD3d 928, 929 [2006]). Here, claimant was a signatory on the corporate checking account and wrote at least one check during the period in question. She also benefitted financially from corporate income reported on her personal income tax return. Given these facts, we find that substantial evidence supports the Board's finding that claimant was not totally unemployed (*see Matter of Walters [Commissioner of Labor]*, supra at 852; *Matter of Koenes [Commissioner of Labor]*, 30 AD3d 873, 873-874 [2006]; *Matter of Sierpinski [Commissioner of Labor]*, 308 AD2d 668, 669 [2003]).

Further, claimant's failure to disclose her corporate affiliation despite receiving an informational booklet describing reporting requirements provides substantial evidence to support the Board's finding that the overpayments were recoverable (*see Matter of Gigante [Commissioner of Labor]*, 32 AD3d 602, 604 [2006]; *Matter of McHugh [Commissioner of Labor]*, 305 AD2d 923, 924 [2003]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.