In the Matter of the Claim of CELEINE L. EASDON-SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 817]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22, 2006, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

In February 2004, claimant formed a closely held corporation for the purpose of operating a bed and breakfast which offered various recreational activities, including skydiving. The day-to-day operations of the business were performed by claimant's husband, a professional skydiver. Although claimant was involved in the start up of the business, her main occupation was as a sales representative in the medical field. When she lost that job, she filed a claim for unemployment insurance benefits effective October 24, 2005. The Unemployment Insurance Appeal Board ruled that she was ineligible to receive benefits because she was not totally unemployed. Claimant appeals.

We affirm. It is well settled that a principal of a corporation who performs activities on its behalf, even if minimal, will not be considered totally unemployed if he or she stands to benefit financially from the corporation's continued existence (see Matter of Verdecchia [Commissioner of Labor], 29 AD3d 1142, 1143 [2006]; Matter of Witham [Commissioner of Labor], 25 AD3d 837, 837 [2006]). Claimant, among other things, was the president of the corporation, made an initial investment of $100,000, was the only authorized signatory on the business checking ac-

count, operated the business out of her home, was listed as an operator of the business on advertising literature, listed her home and cell phone numbers on the corporate Web site and deducted corporate losses on her federal income tax returns. Although claimant explained that the only reason she got involved in the business was because her husband is an Australian national and did not have a green card or Social Security number, this does not negate her activities or the financial benefit she was likely to receive from the continued operation of the business. Notably, the "receipt of a tax benefit is sufficient to render a claimant not totally unemployed" (*Matter of Koenes [Commissioner of Labor]*, 30 AD3d 873, 874 [2006]). Accordingly, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.