In the Matter of the Claim of THOMAS B. HAZZARD, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 333]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 7, 2006, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was an employee, member and shareholder of T Tools LLC. Claimant was one of four founding members of the company, another of whom was his wife. The company developed its own products and patented, manufactured and sold them until 2002, when it ceased most of its operations. At that point, the company remained in existence to complete the sale of the unsold patents and, after that, the company was set to be dissolved. It was also in 2002 that claimant resigned his position as an employee in the company.

In 2004, claimant applied for and received unemployment insurance benefits. However, it later was determined by the Unemployment Insurance Appeal Board that claimant should not have received benefits because he was not totally unemployed. The Board also charged claimant with a recoverable overpayment of benefits and assessed a forfeiture penalty of benefit days upon a finding that claimant had made willful false statements to obtain benefits. Although claimant contended that he had no involvement with the company, other than as a shareholder, an employment registration form for the company

filed by his wife in 2003 continued to list both of them as a "member/manager" of the company. All of the remaining persons in the company were listed as only members. Based upon its finding that claimant was a founding member and product developer in the company, the Board rejected claimant's assertion that he did not participate in some way with the sale of the patents. The Board also pointed to the fact that claimant received income in 2004 from the sale of one of the patents and that the business was still ongoing in that there were other patents to sell and claimant stood to gain financially from their sale. As to the issue of willfulness, the Board found that claimant's denial that he had a business that could bring in income was factually and willfully false insofar as claimant was deriving income from his member/manager activities. Claimant now appeals.

We affirm. A claimant who is a principal in an ongoing business will not be considered to be totally unemployed even if the business is not fully operational and the claimant's activities in furtherance thereof are minimal (*see Matter of Sichel [Commissioner of Labor]*, 301 AD2d 771, 772 [2003]). Here, the Board specifically found claimant's testimony as to his nonparticipation in the company and his denial that he was a manager to be incredible. Furthermore, there is no dispute that claimant received income from the sale of one of the remaining patents and stood to gain financially from the sale of other patents (*see Matter of Rozestraten [Commissioner of Labor]*, 27 AD3d 864 [2006]). As the record supports the Board's assessment of the hearing testimony, the finding that claimant was not totally unemployed will not be disturbed.

Likewise, inasmuch as claimant denied that he had a business or other activity that could bring in income when applying for benefits, despite his admittedly having received the informational handbook that set forth what activities were required to be reported, substantial evidence also supports the Board's finding of willfulness (*see Matter of Shenman [Commissioner of Labor]*, 297 AD2d 852 [2002]). We have reviewed claimant's remaining arguments and find them to be unpersuasive.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.