■ In the Matter of the Claim of CEDRIC G. ULBING, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 332]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 17, 2006, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

After losing his job with the Rochester Housing Authority in February 2006, claimant applied for unemployment insurance benefits. At the time, claimant was the president of a corporation he formed in June 2005 with another individual for the purpose of negotiating contracts on behalf of public housing authorities. As the result of his involvement with this business, the Unemployment Insurance Appeal Board ruled that he was ineligible to receive benefits because he was not totally unemployed. Claimant appeals.

We affirm. It is well settled that a principal of a corporation who performs activities on its behalf, even if minimal, will not be considered totally unemployed so long as he or she stands to benefit financially from the corporation's continued existence (*see Matter of Koenes* [*Commissioner of Labor*], 30 AD3d 873, 874 [2006]; *Matter of Verdecchia* [*Commissioner of Labor*], 29 AD3d 1142, 1143 [2006]). In the case at hand, claimant was the corporate president, made an initial $900 investment as one of two shareholders in the company and was a signatory to the corporate bank account. Although the shareholders agreed to dissolve the corporation at the end of 2005, no papers officially dissolving the company were apparently ever filed with the Secretary of State, the corporate bank account remained open until August 2006 and claimant took a loss attributable to the business on his 2005 federal tax return. Most importantly, claimant continued to solicit business for the corporation in anticipation of generating income after he filed his unemployment insurance claim. In our view, the foregoing constitutes substantial evidence supporting the Board's finding that claimant lacked total unemployment at the time he applied for benefits.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.