■ In the Matter of the Claim of JULIE M. WOOD, Appellant. COMMISSIONER OF LABOR, Respondent. [840 NYS2d 674]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 2006, which, upon reconsideration, adhered to its original decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant was separated from her employment in July 2002 and again in July 2005. She certified for and received unemployment insurance benefits for each of those occasions. In applying for benefits, claimant represented that she was not an officer in a corporation. However, at all times relevant herein, claimant was the executive vice-president of and a 50% shareholder in a family-owned corporation which provided computer consulting

services. Her husband, also a 50% shareholder, was the president and secretary of the corporation. Although claimant apparently was not actively engaged in any business related to the corporation, income tax returns filed jointly with her husband indicated that corporate income was received. Ultimately, the Unemployment Insurance Appeal Board determined that claimant was ineligible for benefits on the basis that she was not totally unemployed and charged her with a recoverable overpayment of benefits. Upon reopening and reconsideration, the Board adhered to its original decision, prompting this appeal.

"A claimant who is a principal of a corporation will not be considered totally unemployed even if the claimant's participation is minimal, as long as the claimant benefits financially from the continued existence of the corporation" (*Matter of Sanders [Commissioner of Labor]*, 38 AD3d 1081, 1082 [2007] [citations omitted]). Here, substantial evidence in the record supports the Board's finding that claimant received financial gain as a principal and shareholder in the corporation and, as such, she was not totally unemployed (*see id.*). Further, given that claimant affirmatively represented that she was not a corporate officer when, indeed, she was the executive vice-president of a corporation, substantial evidence supports the determination that she is liable for recoverable overpayments (*see Matter of Sierpinski [Commissioner of Labor]*, 308 AD2d 668, 669 [2003]). To the extent that claimant offered an innocent explanation for her failure to report her corporate affiliation, a credibility issue was created for resolution by the Board (*see id.*).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.