■ In the Matter of the Claim of Michael B. Siegel, Appellant. Commissioner of Labor, Respondent. [841 NYS2d 415]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 2006, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant was employed by a job placement agency as a recruiter specializing in locating candidates with technological expertise. After his employment was terminated, he filed an application for unemployment insurance benefits. That application was granted and, between November 15, 2001 and July 28, 2002, claimant received $14,985 in benefits. During this time, claimant also started his own business so that he could conduct his recruitment activities as an independent contractor for companies in search of candidates. The Unemployment Insurance Appeal Board subsequently ruled that he was ineligible to receive benefits because he was not totally unemployed, charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits by 208 days. Claimant now appeals.

We affirm. "It is well settled that a claimant who performs activities on behalf of an ongoing business will not be considered totally unemployed even if such activities are minimal, provided

that the claimant stands to benefit financially from the continued existence of the business" (*Matter of Swan [Commissioner of Labor]*, 40 AD3d 1295, 1295 [2007] [citations omitted]; *see Matter of Frith [Commissioner of Labor]*, 40 AD3d 1230 [2007]). In the case at hand, claimant started the business at the time he lost his job for the purpose of continuing his recruitment activities. In connection therewith, he opened a business checking account, advertised his business on the Internet and collected the resumes of prospective job candidates. Although claimant did not receive any income from the business, he clearly intended to make money. In view of this, substantial evidence supports the Board's denial of benefits to claimant on the basis that he was not totally unemployed.

The Board's finding that claimant made a willful misrepresentation to obtain benefits also is supported by substantial evidence. After claimant lost his job, his application to participate in the Department of Labor's self employment program was denied and he was advised that he could not start his own business before he was granted approval or he would be deemed ineligible to receive benefits and subject to a recoverable overpayment and forfeiture penalty. Claimant nevertheless disregarded this warning and started his own business. Therefore, we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.