■ In the Matter of the Claim of JAIME L. NIGRO, Appellant. COMMISSIONER OF LABOR, Respondent. [852 NYS2d 398]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 1, 2006, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant filed an application for unemployment insurance benefits effective December 5, 2005. On February 22, 2006, she formed a corporation for the purpose of selling vending machines and, in the ensuing weeks, she performed various tasks in preparation of actually operating the business. She received benefits totaling $1,320, with the last check covering the week ending April 2, 2006. Her certifications for the weeks ending April 9, 2006, April 16, 2006, April 23, 2006 and April 30, 2006 were held by the Department of Labor. The Unemployment Insurance Appeal Board subsequently ruled that, due to the activities that she performed on behalf of the corporation, claimant was not totally unemployed and, therefore, was ineligible to receive benefits. The Board also charged her with a recoverable overpayment pursuant to Labor Law § 597 (4) and reduced her right to receive future benefits by 48 days on the basis that she made willful misrepresentations to obtain benefits. Claimant appeals.

Initially, we note that activities performed in connection with starting a new business have rendered claimants ineligible to receive unemployment insurance benefits based upon a lack of total unemployment (see e.g. Matter of Donaghy [Commissioner of Labor], 264 AD2d 883 [1999]; Matter of Murak [Sweeney], 244 AD2d 751 [1997]). Even where such activities were minimal, the key factor was whether the claimant stood to benefit financially from the existence of the business (see Matter of Siegel [Commissioner of Labor], 43 AD3d 1224, 1224-1225 [2007]). In the case at hand, claimant filed a certificate of incorporation, obtained a federal tax identification number, registered for unemployment insurance withholding, loaned the corporation money, established a business Web site, placed an order for business telephone lines and wrote checks from the business checking account, all while she was receiving unemployment insurance benefits. Inasmuch as she performed such tasks in furtherance of the business and in anticipation of

obtaining a financial benefit from its operation, substantial evidence supports the Board's finding that claimant was not totally unemployed.

The record also supports the Board's imposition of a recoverable overpayment and forfeiture penalty. Although claimant acknowledged two days when she was engaged in self-employment activities, she had pursued her new business before obtaining her federal tax identification number on March 24, 2006 and continued to certify for benefits for five weeks thereafter. This evidence, together with proof that claimant was aware that she could have, but admittedly failed to, read the unemployment insurance handbook available on-line, where she applied for benefits, is sufficient to establish that she willfully misrepresented her activities during the time that she was receiving benefits (*see Matter of Bowlby [Commissioner of Labor]*, 31 AD3d 939, 940 [2006]; *Matter of Raspallo [Commissioner of Labor]*, 10 AD3d 751, 751-752 [2004]).

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.