In the Matter of the Claim of Kevin J. Bessy, Appellant. Commissioner of Labor, Respondent. [868 NYS2d 380]—

---

After losing his job at a construction company, claimant applied for unemployment insurance benefits and received $5,366.25 from March 8, 2004 through July 25, 2004. In April 2004, claimant and his friend formed a general contracting company so that they could avoid future seasonal layoffs. Claimant engaged in various activities in the ensuing months in connection with the start up of the business. Due to such activities, the Unemployment Insurance Appeal Board ruled that he was ineligible to receive benefits because he was not totally unemployed. In addition, the Board charged him with a recoverable overpayment pursuant to Labor Law § 597 (4) and imposed a forfeiture penalty upon finding that he made a willful misrepresentation to obtain benefits. The Board adhered to this decision upon reconsideration. Claimant appeals.

"[A]ctivities performed in connection with starting a new business have rendered claimants ineligible to receive unemployment insurance benefits based upon a lack of total unemployment" (*Matter of Nigro [Commissioner of Labor]*, 47 AD3d 1040, 1041 [2008]), even where the business has been unprofitable (*see e.g Matter of Donaghy [Commissioner of Labor]*, 264 AD2d 883 [1999]; *Matter of Khurgin [Sweeney]*, 232 AD2d 707 [1996]). The key consideration has been whether the claimant stood to benefit financially from the continued operation of the business (*see Matter of Nigro [Commissioner of Labor]*, 47 AD3d at 1041-1042; *Matter of Easdon-Smith [Commissioner of Labor]*, 41 AD3d 1084, 1084 [2007]).

During the benefit period at issue here, claimant was a corporate officer, invested money in the business, established a corporate checking account, engaged a professional to devise a business plan, explored potential financing options, arranged for the preparation of promotional materials and attempted to

solicit customers. Although the corporation did not receive any income, claimant concededly started it for that purpose and stood to gain a potential financial benefit from the foregoing activities. Accordingly, substantial evidence supports the Board's finding that claimant was not totally unemployed. Substantial evidence also supports the Board's imposition of a recoverable overpayment inasmuch as claimant acknowledged in a written statement that he received an informational handbook but nevertheless did not disclose the activities he performed on behalf of the corporation when certifying for benefits (*see Matter of Brinn [Commissioner of Labor]*, 38 AD3d 1080, 1081 [2007]; *Matter of Gigante [Commissioner of Labor]*, 32 AD3d 602, 604 [2006]).

Peters, J.P., Carpinello, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.