In the Matter of the Claim of DENNIS M. ELLISON, Appellant. COMMISSIONER OF LABOR, Respondent. [870 NYS2d 135]—

For approximately 20 years, claimant has owned a closely-held corporation which he operates as a holding company for his wife's home-based floral business. According to claimant, the corporation was formed to provide liability protection and to avoid the high cost of obtaining insurance for his wife's business. Under the corporate structure, the corporation collects all income from the floral business and, after deducting a 10% commission, pays the remainder to claimant's wife. Based upon claimant's affiliation with the corporation, the Unemployment Insurance Appeal Board ruled that he was ineligible to receive unemployment insurance benefits because he was not totally unemployed. Claimant appeals.

We affirm. It is well settled that a principal of a corporation who performs activities on its behalf, even if minimal, will not be considered to be totally unemployed if such individual stands to benefit financially from the corporation's continued existence (*see Matter of Cefalu [Commissioner of Labor]*, 41 AD3d 1088, 1088 [2007]; *Matter of Easdon-Smith [Commissioner of Labor]*, 41 AD3d 1084, 1084 [2007]). Here, not only was claimant the sole shareholder and lone signatory to the corporate checking account, he also received all income from the floral business, from which he deducted a 10% commission prior to paying the

remainder to his wife. Notwithstanding the apparent unprofitability of the floral business during the time period in question, claimant clearly stood to benefit financially as a result of the arrangement between his corporation and his wife's floral business. In view of this, substantial evidence supports the Board's finding that claimant was not totally unemployed and we find no reason to disturb its decision.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.