■ In the Matter of the Claim of Nancy A. Gazzara, Appellant. Commissioner of Labor, Respondent. [875 NYS2d 618]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 5, 2007, which, upon reconsideration,

adhered to its prior decision ruling, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

After losing her job as an administrative assistant, claimant applied for and thereafter received $9,315 in unemployment insurance benefits. Shortly after losing her job, claimant engaged in various activities in connection with the start-up of a professional organizing business. Due to these activities, the Unemployment Insurance Appeal Board ruled that she was ineligible to receive benefits because she was not totally unemployed. In addition, it charged her with a recoverable overpayment pursuant to Labor Law § 597 (4) and imposed a forfeiture penalty upon finding that she made a willful misrepresentation to obtain benefits. The Board adhered to this decision upon reconsideration. Claimant appeals.

" '[A]ctivities performed in connection with starting a new business have rendered claimants ineligible to receive unemployment insurance benefits based upon a lack of total unemployment' " (*Matter of Bessy [Commissioner of Labor]*, 57 AD3d 1048, 1049 [2008], quoting *Matter of Nigro [Commissioner of Labor]*, 47 AD3d 1040, 1041 [2008]). Significantly, "even where such activities were minimal, the key factor was whether the claimant stood to benefit financially from the existence of the business" (*Matter of Nigro [Commissioner of Labor]*, 47 AD3d at 1041; *see Matter of Siegel [Commissioner of Labor]*, 43 AD3d 1224, 1224-1225 [2007]). Here, claimant purchased a host Web site and domain name, designed the Web site, printed business cards and solicited business, all while she was receiving unemployment insurance benefits. Inasmuch as she performed such tasks in furtherance of the business and in anticipation of obtaining a financial benefit from its operation, substantial evidence supports the Board's finding that she was not totally unemployed (*see Matter of Siegel [Commissioner of Labor]*, 43 AD3d at 1225).

Furthermore, claimant acknowledged that she received, although did not fully read, an informational booklet that discussed self-employment and starting a new business and advised that she should report all activities that could produce income. She failed to report any of her activities. Thus, substantial evidence further supports the Board's finding that she willfully misrepresented her status, even though such misrepresentation may have been unintentional (*see Matter of Bernard [Commissioner of Labor]*, 53 AD3d 1006, 1007 [2008]; *Matter of Nigro [Commissioner of Labor]*, 47 AD3d at 1042).

Mercure, J.P., Peters, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.