In the Matter of the Claim of ALLA MENKOV, Appellant. COMMISSIONER OF LABOR, Respondent. [882 NYS2d 315]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 28, 2007, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant was the sole owner and officer of Danam Computer Services, Inc., which was created in 1996 to further her work as a computer consultant. In 2003, claimant made the decision to dissolve Danam and look for other employment. Claimant did not actually dissolve Danam until 2006, however, and completed additional projects through it from 2003 to 2005. Nevertheless, claimant applied for and received unemployment insurance benefits for two periods in 2003 and 2004. The Unemployment Insurance Appeal Board concluded that claimant was not totally unemployed and was ineligible to receive unemployment insurance benefits for either period. The Board further concluded that she made willful misrepresentations to obtain benefits and charged her with a recoverable overpayment pursuant to Labor Law § 597 (4). Claimant appeals.

"It is well settled that a principal of a corporation who performs activities on its behalf, even if minimal, will not be considered to be totally unemployed if such individual stands to benefit financially from the corporation's continued existence" (*Matter of Ellison [Commissioner of Labor]*, 57 AD3d 1194, 1194 [2008] [citations omitted]; *see Matter of Thomas [Commissioner of Labor]*, 58 AD3d 1099, 1099-1100 [2009]). Here, claimant did benefit financially from Danam given the projects she performed through it during the period in question. Moreover, she was a signatory to Danam's checking account and signed checks on its behalf for a variety of purposes, including for the purpose of repaying alleged loans made by her to Danam, for medical insurance expenses and as reimbursement for business expenses. Given the foregoing, substantial evidence supports the Board's conclusion that claimant was not totally unemployed (*see Matter of Chirico [Commissioner of Labor]*, 49 AD3d 1104, 1105 [2008]). Substantial evidence also supports the Board's determination that claimant is liable for recoverable overpayments, particularly given her false representation on both applications that she was not a corporate officer (*see Matter of Wood [Commissioner of Labor]*, 43 AD3d 593, 594 [2007]).

Mercure, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.