■ In the Matter of the Claim of VICTORIA SFERLAZZA, Appellant. NASSAU COMMUNITY COLLEGE, Respondent; COMMISSIONER OF LABOR, Respondent. [891 NYS2d 757]—

Claimant was employed as an adjunct professor at a college for the fall 2007 and spring 2008 semesters. She was assigned to teach six credit hours per week and was paid $1,589.71 per credit hour. At various times in late 2007 and early 2008, claimant also worked as a placement reader. She filed an original claim for unemployment insurance benefits effective August 20, 2007 and her benefit rate was set at $405 per week. In the unemployment insurance handbook claimant received, she was advised not to claim benefits for any week in which she earned more than the maximum benefit rate of $405. After claimant began collecting benefits, the Department of Labor issued a notice of determination finding that, among other things, from the week ending August 26, 2007 and going forward, claimant was ineligible to receive benefits because she earned $635.88 per week during the weeks in question, which was more than the maximum benefit rate, and was unable to accumulate effective days in such weeks. The Department also concluded that claimant had made willful misrepresentations to obtain benefits and imposed a recoverable overpayment of $6,480 as well as a forfeiture penalty of 192 days. Following a hearing, an Adminis-

trative Law Judge upheld the notice of determination. The Unemployment Insurance Appeal Board subsequently modified the Administrative Law Judge's decision by finding that the ineligibility commenced from the statutory week ending September 9, 2007 and extended forward, that the recoverable overpayment of $6,480 should be recalculated accordingly and that the forfeiture penalty should be reduced to 184 days. Claimant appeals.

Claimant limits her challenge to the Board's finding that she made willful misrepresentations to obtain benefits and its consequent imposition of a recoverable overpayment and forfeiture penalty. Claimant maintains that, while she misstated her earnings during the time periods in question, her provision of false information was an innocent mistake attributable to her confusion over, among other things, the manner in which to calculate her weekly salary and inability to obtain clarification from a representative from the call center. Regardless of these claimed circumstances, claimant's statements provide substantial evidence supporting the Board's finding that she made willful misrepresentations to obtain benefits (*see Matter of Kunz [Commissioner of Labor]*, 19 AD3d 990, 991 [2005]; *see also Matter of Piccirilli [Roberts]*, 92 AD2d 686, 686-687 [1983]). Notably, proof of criminal intent to defraud is not required (*see Matter of Barbera [Commissioner of Labor]*, 28 AD3d 973, 974-975 [2006]). The Board's finding is also supported by the fact that claimant received the unemployment insurance handbook explaining that she should not put in a claim for weeks in which she received more than $405, which she admittedly failed to fully read (*see Matter of Gazzara [Commissioner of Labor]*, 60 AD3d 1226, 1227 [2009]; *Matter of Nigro [Commissioner of Labor]*, 47 AD3d 1040, 1042 [2008]). Under the circumstances presented, we find no reason to disturb the Board's decision.

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.