In the Matter of the Claim of JAMES T. BURNETTE, Appellant. COMMISSIONER OF LABOR, Respondent. [949 NYS2d 811]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 11, 2011, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant intermittently worked as a carpenter and, in 2006, started a lawn care company to supplement his income. He had one major client, and subcontracted with a third party to provide snow removal services to this client. He successfully applied for unemployment insurance benefits in 2008, certifying that he did not perform any work during several weeks in the spring of that year. Thereafter, following extended proceedings, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive benefits during the period in question because he was not totally unemployed. It further charged him with a recoverable overpayment of benefits in the amount of

$2,430 pursuant to Labor Law § 597 (4) and imposed a forfeiture penalty of 56 days upon finding that claimant made willful misrepresentations to obtain benefits. Claimant now appeals.

We affirm. A claimant who stands to benefit financially from the continued operation of a business will not be considered to be totally unemployed even if his or her activities are minimal (*see Matter of Gazzara [Commissioner of Labor]*, 60 AD3d 1226, 1227 [2009]; *Matter of Germanow [Commissioner of Labor]*, 56 AD3d 923, 924 [2008]). Here, evidence was presented that claimant billed the client for lawn care and other services performed during the period in question, maintained liability insurance for the business as well as a bank account and deducted business losses on his 2008 personal income tax return. Inasmuch as claimant was an active participant in the business who stood to gain financially from its continued operation, substantial evidence supports the Board's finding that claimant was not totally unemployed. Claimant further failed to report his business activities despite being advised of his responsibility to do so, and substantial evidence thus supports the Board's finding that he made willful misrepresentations to obtain benefits (*see Matter of Hazzard [Commissioner of Labor]*, 42 AD3d 718, 719 [2007]; *Matter of Kaganovich [Commissioner of Labor]*, 254 AD2d 670 [1998]).

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.