■ In the Matter of RAMAWTIE RAMDHANI, Appellant. COMMISSIONER OF LABOR, Respondent. [950 NYS2d 832]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 1, 2011, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

The record demonstrates that claimant began working part time for a vitamin company beginning in 2007. In March 2008, she also began a second job working full time as an office manager for a different employer; however, that employment ended in September 2008 when she was laid off from that position. Thereafter, claimant filed for unemployment insurance benefits and received a handbook advising her, among other things, that she would be ineligible for benefits in any week that she worked four or more days and that she must report all work. Following a hearing, an Administrative Law Judge found her ineligible to receive benefits for the period from April 27, 2009 through September 27, 2009, because, during that time, she "worked at least four days a week" for the vitamin company. The Unemployment Insurance Appeal Board upheld that decision, agreeing that claimant made willful false statements to receive benefits, and imposed a recoverable overpayment as well as a forfeiture penalty. Claimant now appeals.

We affirm. "Whether a claimant is totally unemployed is a question of fact for the Board to resolve and its determination will not be disturbed when supported by substantial evidence" (*Matter of Connell [Commissioner of Labor]*, 82 AD3d 1437, 1438 [2011] [citations omitted]; *see Matter of Dupey [Commissioner of Labor]*, 79 AD3d 1508, 1508 [2010]). Here, the proof adduced at the hearing, including claimant's own testimony, established that, during each of the weeks at issue, claimant worked at least four days, thus rendering her ineligible to receive any benefits as clearly set forth in the handbook received by claimant (*see Matter of Umpierre [Commissioner of Labor]*, 60 AD3d 1182, 1183 [2009]; *Matter of Bessy [Commissioner of Labor]*, 57 AD3d 1048, 1049-1050 [2008]). Thus, we find no basis to disturb the ruling that she was not totally unemployed during the relevant time period.

Moreover, there is substantial evidence supporting the finding that claimant made willful misrepresentations during the relevant time period and is subject to a recoverable overpayment of benefits (*see Matter of Bessy [Commissioner of Labor]*, 57 AD3d at 1050). While claimant maintained that she was given inaccurate information concerning her certification obligations during an unemployment insurance orientation, both Department

of Labor employees involved testified to the contrary at the hearing, thereby creating a credibility issue for the Board to resolve (*see Matter of Ventura [Commissioner of Labor]*, 83 AD3d 1330, 1331 [2011]).

Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.