Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 4, 2011, which, among other things, ruled that claimant made willful misrepresentations to obtain benefits.
Claimant, who suffers from schizophrenia, was terminated from his position as a department store sales associate on May 30, 2009. He filed a claim for unemployment insurance benefits effective June 8, 2009 and was found eligible to receive them. When he subsequently certified for benefits, he indicated that he was capable of working. On September 23, 2009, however, he applied for disability benefits under the federal Social Security Act and set forth a disability onset date of May 30, 2009. On July 22, 2010, following a hearing, an Administrative Law Judge granted his application and deemed him disabled as of May 30, 2009. Claimant did not cease certifying for unemployment insurance benefits until after the hearing in his disability case.
Thereafter, the Department of Labor reevaluated his claim and issued initial determinations on August 30 and 31, 2010 ruling that claimant was ineligible to receive benefits, beginning May 30, 2009, because he was not capable of working. The Department further charged him with a recoverable overpayment of $4,238 in regular benefits, $1,250 in federal additional compensation benefits (see 26 USC § 3304) and $3,912 in emergency unemployment compensation benefits (see Pub L 110-252, tit iy § 4001 et seq., 122 US Stat 2323) upon finding that he made willful misrepresentations to obtain benefits, and also reduced his right to receive future benefits by 200 effective days. Following a hearing, an Administrative Law Judge sustained that part of the initial determinations finding claimant ineligible for benefits, but concluded that the overpayment was not recoverable because claimant did not make willful misrepresentations to obtain benefits. The Commissioner of Labor appealed so much of this decision as found that the overpayment of benefits was not recoverable and the Unemployment Insurance Appeals Board reversed this decision. Claimant now appeals.
Claimant asserts that the overpayment of benefits is not recoverable because he did not make willful misrepresentations to obtain benefits. We note that, for purposes of the Unemployment Insurance Law, a willful misrepresentation is “one which was made knowingly, intentionally or deliberately, and criminal *985 intent to defraud need not be shown” (Matter of Barbera [Commissioner of Labor], 28 AD3d 973, 974 [2006] [citations omitted]; see Matter of Sferlazza [Nassau Community Coll. — Commissioner of Labor], 69 AD3d 1184, 1185 [2010]). Moreover, it is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Masterpaul [Commissioner of Labor], 76 AD3d 729, 730 [2010]; Matter of Di Giacomo [Hudacs], 183 AD2d 1095, 1095 [1992]). Here, for the same time period that claimant had certified that he was capable of working so that he could collect unemployment insurance benefits, he also sought federal benefits under the Social Security Act, maintaining that he was disabled. Given these inconsistent positions, the Board could reasonably conclude that claimant deliberately made false statements when certifying for unemployment insurance benefits. Therefore, substantial evidence supports the Board’s finding that claimant made willful misrepresentations to receive benefits and its resulting imposition of a recoverable overpayment and forfeiture penalty (see eg. Matter of Glazer [Commissioner of Labor], 10 ADM 752, 753 (2004]).
Rose, J.E, Spain, McCarthy and Egan Jr., JJ, concur. Ordered that the decision is affirmed, without costs.