Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 26, 2012, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
After losing a full-time job in October 2008, claimant filed an application for unemployment insurance benefits effective December 22, 2008. Thereafter, between January 2009 and November 2009, he worked part time as a youth counselor for a children’s home and also as a bookkeeper for a municipality. During various weeks within this time frame, he certified for and received regular unemployment insurance benefits, emergency unemployment compensation benefits (see Pub L 110-252, tit IV § 4001 et seq., 122 US Stat 2323) and federal additional compensation benefits (see 26 USC § 3304). Claimant also received an unemployment insurance handbook advising him that, when certifying for benefits, he was to count as employment time devoted to performing services for himself or another even if it was only for an hour or less per day. Nevertheless, when certifying for benefits during many of the weeks in question, claimant represented that he worked only one or two days when, in fact, he sometimes worked as many as six days in a week, but only for one or two hours per day. He computed the total number of days worked in accord with the procedure he followed as a bookkeeper in reporting employee work hours to the State and Local Employees’ Retirement System, by combining the total hours he worked per month and dividing by six. This consolidation of hours effectively reduced the number of days that claimant reported that he worked during the benefit period.
The Department of Labor determined that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed during many of the weeks in which he certified for benefits. It further found that he made willful false statements to obtain benefits when certifying the number of days that he worked and charged him a recoverable overpayment as well as a forfeiture penalty. Following a hearing, an Administrative Law Judge (hereinafter ALJ) upheld this determination, but reduced the amount of the recoverable overpayment from $12,150 to $12,031.25. The Unemployment Insurance Appeal Board affirmed this decision and claimant now appeals.
*1288 Claimant’s primary contention is that he did not make willful false statements to obtain benefits and, therefore, should not be charged with a recoverable overpayment or a forfeiture penalty. We note that “whether a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence” (Matter of Masterpaul [Commissioner of Labor], 76 AD3d 729, 729 [2010]). “Notably, proof of criminal intent to defraud is not required” (Matter of Sferlazza [Nassau Community Coll. — Commissioner of Labor], 69 AD3d 1184, 1185 [2010] [citation omitted]; see Matter of Masterpaul [Commissioner of Labor], 76 AD3d at 729-730). Moreover, a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion (see Matter of Gazzara [Commissioner of Labor], 60 AD3d 1226, 1227 [2009]; Matter of Bernard [Commissioner of Labor], 53 AD3d 1006, 1007 [2008]; Matter of Bal [Commissioner of Labor], 52 AD3d 1122, 1124 [2008]).
Here, claimant stated that, in certifying for benefits, he calculated the days he worked according to the formula he followed as a bookkeeper and consolidated the hours he worked per week because he did not think that working one or two hours per day constituted a real day of work. However, this was contrary to the clear directive in the unemployment insurance handbook he had received. Notwithstanding claimant’s confusion over the manner in which work days should be calculated or his disagreement with the same, he made false statements when counting work days for the purposes of certification and, thus, substantial evidence supports the Board’s finding that he made willful misrepresentations (see Matter of Kramer [Commissioner of Labor], 47 AD3d 1184, 1184 [2008]; Matter of DeOliveira [Commissioner of Labor], 36 AD3d 1045, 1045-1046 [2007]). Accordingly, we find no merit to his assertion that recovery of the overpayment is time-barred by Labor Law § 597 (3), as this statute is inapplicable (see Matter of Kansu [Commissioner of Labor], 36 AD3d 1185, 1187 [2007]; Matter of Barr [Commissioner of Labor], 270 AD2d 522, 523 [2000]). Likewise, we are not persuaded that the Department’s interpretation of Labor Law § 522 is impermissibly vague or contrary to public policy.
Rose, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.